*In the matter of the Petition of* T. J. O'CONNELL *for a writ
of Habeas Corpus.*

PROCEEDINGS IN AID OF EXECUTION — *Examination of Debtor* — *General
Finding* — *Imprisonment.* In proceedings in aid of execution, the
court made a general finding that the judgment debtor had money
and property in his possession and under his control which he
unjustly refused to apply to the payment of his debts, and ordered
his imprisonment until he make full satisfaction of the judgment.
*Held,* On *habeas corpus,* that it was necessary that the order state the
amount of money and describe the property under his control; oth-
erwise it would not appear that he had wherewith to satisfy the judg-
ment; and that the order should first direct payment, and only after
refusal should the commitment be made.

*Original Proceeding in Habeas Corpus.*

THE facts sufficiently appear in the opinion, handed down
July 8, 1892.

*W. A. S. Bird,* for petitioner.  No brief on file.

*J. B. Larimer,* and *Hazen & Isenhart,* for respondent.  No
brief on file.

*Per Curiam:* The petitioner, T. J. O'Connell, alleges that
he is restrained of his liberty and unlawfully imprisoned by
the sheriff of Shawnee county, under an order of the district
judge of said county, made in proceedings in aid of execu-
tion.  It appears that, at the conclusion of the examination,
the judge made a general finding that the petitioner had
money and property in his possession and under his control
which he unjustly refused to apply to the payment of his
debts, and ordered the sheriff of Shawnee county to arrest
the petitioner and imprison him until he should make full
and complete satisfaction of the judgment and costs rendered
against him.

There are two fatal objections to the order of the judge
committing the petitioner to the jail of Shawnee county.  The
order does not specify the kind of property, or state the

amount of money the petitioner had in his possession; *neither does it describe the property* under his control. This we think was necessary. He may not have had property and money sufficient to satisfy the judgment. If he had not, it would hardly be contended that he should be imprisoned for refusing to comply with an order that he was powerless to obey. In proceedings in aid of execution, where an examination has resulted in the disclosure that the debtor unjustly refuses to apply money or property which he has in his possession or under his control to the satisfaction of a judgment rendered against him, the practice is for the court or judge to order the judgment debtor to deliver over a sufficient sum of money, or turn out property enough to satisfy such judgment and costs; and then, if he willfully disobeys such order, the same may be enforced by proceedings for contempt, and under such proceedings the district judge may commit him to the jail of the county until the judgment and costs are satisfied. (*In re Burrows*, 33 Kas. 675.) This was not done in the proceedings in aid of execution against the petitioner. He was given no opportunity to show cause.

It is ordered that the petitioner be discharged.