### In re NEW YORK CAR WHEEL WORKS.

(District Court, W. D. New York. August 2, 1904.)

#### No. 1,570.

1. BANKRUPTCY—JURISDICTION OF COURT—ADVERSE CLAIMS.

A referee is without jurisdiction in a summary proceeding to require a third person to turn over to a trustee in bankruptcy money or property to which he asserts an adverse claim, where such claim is made with the apparent intention to defend the same in good faith, and is not merely colorable.

In Bankruptcy. On question certified from referee.

Fred D. Corey, for trustee.
Adelbert Moot and Samuel F. Moran, for respondent.

HAZEL, District Judge. The trustee in bankruptcy claims to be entitled to receive from Patrick H. Griffin, president of the New York Car Wheel Works, the sum of $10,000, the proceeds of the sale of certain bonds of the Peckham Manufacturing Company, and the further sum of $588.63, proceeds of a certain check given in settlement of an indebtedness of the Midvale Steel Company to the bankrupt. On the application of the trustee the referee issued an order requiring Mr. Griffin to show cause why the proceeds of the sale of such bonds and of said Midvale Steel Company check should not be paid over to the trustee. On the return day of the rule to show cause respondent appeared specially, and denied the jurisdiction of the court. The specific objection was that the referee was without power or authority to require by summary process the payment of the amounts above mentioned, on the ground that the respondent was shown to be an adverse claimant. The referee overruled the objection, and decided upon the evidence before him that the asserted claim of the respondent was not adverse to the bankrupt within the decisions construing section 23 of the bankrupt act of July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St.

1901, p. 3431]. The controlling question submitted for review is as follows:

"Whether, on the record of the case (with the exception of the testimony of one Peckham before Mr. Referee Wise in New York), Patrick H. Griffin, the respondent to a petition filed herein by the trustee on the 4th day of April, 1904, and who has appeared specially to interpose a preliminary objection to the jurisdiction of this court, is an adverse claimant to the funds resulting from a certain check made by the Midvale Steel Co. to the New York Car Wheel Works and ten certain bonds of the Peckham Mfg. Co., made payable to the New York Car Wheel Works?"

I have carefully read the record, and am of opinion that respondent is an adverse claimant. Therefore the remedy of the trustee must be sought in a plenary action. Bankruptcy courts undoubtedly have power and jurisdiction to determine whether an asserted adverse claim to property withheld from the possession of a trustee is merely colorable or founded in good faith. If asserted in fraud of creditors, or to secure an advantage over them, the court then has the power by summary process to require that the property withheld by the bankrupt or third party from the trustee be surrendered to its jurisdiction. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Louisville Trust Co. v. Cominger, 184 U. S. 26, 22 Sup. Ct. 293, 46 L. Ed. 413; Jaquith v. Rowley, 188 U. S. 620; 23 Sup. Ct. 369, 47 L. Ed. 620; In Re Knickerbocker (D. C.) 121 Fed. 1004. When it is shown that a claim is adversely asserted with an apparent intention to protect the same by the usual process of the law, the bankruptcy court is bound to exercise its power with cautious discretion. See In re Kane, 131 Fed. 386. Despite certain contradictory and indefinite replies and denials by Mr. Griffin, under oath, to questions asked him at the hearing before the referee, sufficient is shown to justify a dismissal of the petition. The respondent not only claims the right of possession and ownership in the funds alleged to be unlawfully withheld by him, but the evidence does not indisputably show that such denial or claim is false or fraudulent. Moreover, he denies his alleged indebtedness of $600,000 to the bankrupt. Under oath he explained that many items were charged to him by expert accountants on account of the failure of the City National Bank, where the bankrupt carried on its banking business. The evidence of Mr. Griffin, though susceptible of different inferences, as has been intimated, is, nevertheless, sufficient to justify holding that apparently his asserted adverse claim is not fictitious. The effect, weight, and plausibility of his testimony as to the manner in which the bankrupt and the P. H. Griffin Machine Works conducted their various financial affairs ought to be considered in the ordinary way of procedure to recover upon an asserted liability. In American Trust Co. of Pittsburgh v. Wallis, 126 Fed. 464, 61 C. C. A. 342, Judge Gray, in considering a similar question, says:

"If the bankrupt denies that he has possession or control of the property, or if a third person in possession thereof claims to hold it, not as the agent or representative of the bankrupt, but by title adverse to him, and there is no evidence to indisputably show that such denial or claim is false or fraudulent, or that the case is one of simple concealment or refusal on the part of the bankrupt or the one in possession to deliver up the property so ordered, it would be an unwarranted stretch of power on the part of the court to resort to a summary proceeding for contempt for the enforcement of its order. In

the absence of fraud or concealment, the bankrupt court can only order the delivery of property to the trustee which the bankrupt is physically able to deliver up, having the same in his possession or control."

This rule governs the application here. The question submitted by the referee is therefore answered in the affirmative. So ordered.