BENJAMIN F. RYLAND v. ARKANSAS CITY MILLING COMPANY, *a Corporation, of Arkansas City, Kansas.*

(Filed September 20, 1907.)

(92 Pac. 160.)

1. EXECUTION—Ancillary Proceedings—Property Applicable to Judgment Upon Order. Under proceedings in aid of execution based upon a showing that the judgment debtor has in his possession and under his control property not exempt from execution which he refuses to apply in payment of the judgment, the court is not authorized to make an order directing the judgment debtor to apply property, the title to which is shown to be in a third party. The judgment debtor can only be ordered to apply property, the title to which is in him, and which he is competent to deliver.

2. WRIT OF ERROR—Appealable Orders—Ancillary Proceedings. An order directing the judgment debtor to apply certain property

to the satisfaction of the judgment, made in proceedings in aid of execution, is an order affecting a substantial right, made in a special proceeding in a case after judgment, and is appealable.

(Syllabus by the Court.)

*Error from the Probate Court of Logan County; before C. W. Goodrich, Probate Judge.*

Reversed and remanded.

*Jno. Devereux* and *John J. Hildreth*, for plaintiff in error.
*Herod & Soward*, for defendant in error.

STATEMENT OF THE CASE.

This is a proceeding supplemental to an execution to compel the satisfaction of a judgment. The plaintiff filed an affidavit on July 21, 1903, from which it appears that on the 15th day of July, 1898, a judgment was rendered in the probate court of Logan county in favor of the Arkansas City Milling Company against Benjamin F. Ryland for the sum of $290.89 and costs of suit taxed at $2.50, with interest at 6 per cent. per annum until paid; that an execution was issued thereon and placed in the hands of the sheriff of Logan county for service; that the sheriff returned said execution unsatisfied; that the debt at the date of the affidavit amounted to the sum of $380.65; that Ryland was a resident of Logan county, where said judgment was rendered; and that the said Benjamin F. Ryland. judgment debtor, has property which he unjustly refuses to apply towards the satisfaction of said judgment, and a request was made for an order directing the defendant to appear and answer under oath concerning his said property. Based upon said affidavit, the probate judge issued an order directing the judgment debtor to appear before said judge on the 27th day of July, 1903, then and there to answer under oath concerning his property, and the application of such property to the payment of plaintiff's judgment, interest, and costs. Pursuant to said order, on the 27th day of July, 1903, the judgment debtor, Ryland, appeared, and, after introducing certain preliminary proof, the plaintiff caused Ryland to be sworn as a

witness and proceeded to examine him as to his property. He testified that he made homestead entry upon the east half and the southwest quarter of section 13, township 17 north, range 4 west, and made final proof thereon; that he conveyed this land to his wife to enable her to borrow some money; that she mortgaged the tract for $600, and traded for another tract, the northwest quarter of section 7, township 17 north, range 3 west; that these transactions occurred about three years previously, and that his wife was still the owner of said tracts of land. He also testified that his wife was the owner of the northeast quarter of section 13, township 17 north, range 5 west, and also certain lots in the town of Crescent, upon which is located a cotton gin; that his wife rented the farms and had them cultivated, while he managed the cotton gin for her upon a monthly salary of $40.00; that each of the pieces of real estate was mortgaged for from $400 to $700 each, and the income from the farms and cotton gin business had mostly been consumed in operating and living expenses; that he owned no property whatever, and had in the real estate only the value of a team of mules and some other insignificant articles. The homestead was shown to be worth $3,000, another of the farms $2,500, and the other $700. It appeared that Mrs. Ryland had accumulated all this property from the $600 borrowed by her upon the homestead, and the efforts of her husband acting as her manager. She also owned some live stock and farm implements.

Upon this showing the probate court found as follows: " * * * That the said Benjamin F. Ryland. has property, consisting of the N. W. quarter of section 7, township 17 N., range 3 west of the Indian Meridian; the N. E. quarter of section 13, in township 17 N., range 3 west of the Indian Meridian, and certain property in Crescent in said county, consisting of cotton gin and the lots upon which it is situate, not exempt by law from execution, and in addition to any current wages; that all of said property is the product of his skill, labor, and management, and is in addition to the keeping of himself and family, and that the same

should be applied to the payment of the judgment, interest, costs, and accruing costs in the above entitled action." Upon said finding the following order was made: "It is therefore considered, ordered, and adjudged by the court that the same shall be applied, and the said Benjamin F. Ryland is hereby directed and ordered to so apply said property and to pay said judgment, interest, and costs, and accruing costs, within thirty days from the date hereof. To which order the defendant at the time excepted." From this last order the appeal is taken to this court.

Opinion of the court by

BURFORD, C. J.: The first contention of plaintiff in error is that, the proof having shown that the title to the property was in Mrs. Ryland, who was not a party to the proceeding, the court had no power to order Ryland to apply it to the satisfaction of the judgment. These proceedings are based upon certain statutory provisions. It is provided in section 4674, Wilson's Stat. 1903: "After the issuing of an execution against property and upon the affidavit of the judgment creditor, his agent or attorney that the judgment debtor has property which he unjustly refuses to apply toward the satisfaction of the judgment, the probate judge or judge of the district court of the county in which the order may be served, may, by order, require the judgment debtor to appear at a time and place in said county, to answer concerning the same, and such proceedings may thereupon be had for the application of the property of the judgment debtor toward the satisfaction of the judgment as hereinafter prescribed." Section 4681: "The judge may order any property of the judgment debtor, not exempt by law, in the hands either of himself or any other person or corporation, or due to the judgment debtor, to be applied toward the satisfaction of the judgment, and may enforce the same by proceedings for contempt in case of refusal or disobedience."

It was pursuant to the authority conferred by these sections

that the probate court made the order herein complained of. There are other provisisons of the same statute authorizing proceedings against third persons who may be indebted to or have property belonging to the judgment debtor, and for the appointment of a receiver where necessary for the purpose of making conveyances, disposing of property, or of conserving rents and profits, but none of these steps were resorted to, and we are confined to the bare question whether the court can, in proceedings in aid of execution, order a judgment debtor to apply property, the title to which is in another, to the payment of his indebtedness, even though it be found that it was fraudulently conveyed for the purpose of defeating the judgment.

It was said in the O'Connell case, 49 Kan. 415, 30 Pac. 456, which was a habeas corpus proceeding to discharge from an order adjudging the judgment debtor in contempt for failure to comply with an order: "There are two fatal objections to the order of the judge committing the petitioner to the jail of Shawnee county. The order does not specify the kind of property or state the amount of money the petitioner had in his possession, neither does it describe the property under his control. This we think was necessary. He may not have had property and money sufficient to satisfy the judgment. If he had not, it would hardly be contended that he should be imprisoned for refusing to comply with an order that he was powerless to obey. In proceedings in aid of execution, where an examination has resulted in the disclosure that the debtor unjustly refuses to apply money or property which he has in his possession or under his control to the satisfaction of a judgment rendered against him, the practice is for the court or judge to order the judgment debtor to deliver over a sufficient sum of money or turn out property enough to satisfy such judgment and costs, and then, if he wilfully disobeys such order, the same may be enforced by proceedings for contempt, and under such proceedings the district judge may commit him to the jail of the county until the judgment and costs are satis-

fied." In the case of *In re Burrows*, 33 Kan. 675, 7 Pac. 148, the court was careful to say that the judgment debtor could be compelled to apply money or property in his possession or under his personal control.

Under a statute similar in terms and having for its object the same purpose, Judge Denio, in *Raynor v. James*, 17 N. Y. 317, said: "The general object of the proceeding is to enable the creditor to enforce the execution of a judgment already obtained. Before a step can be taken, a competent court must have adjudged against the debtor the amount of debt or damages claimed. The magistrate before whom the proceedings are had can give no judgment or make any order affecting in the slightest degree the rights of any person claiming to hold property under title derived from the debtor. The remedy afforded the creditor is the compelling of the debtor, under pain of imprisonment, to hand over for the use of the creditor to be sold and applied on the judgment such property as he may own, and to create a trustee for the creditors in whose name the trustees of the debtor, or persons owing him or having his property in their hands, may be prosecuted for the benefit of the creditors. * * * In the summary proceedings under consideration, all litigation between the creditor and a third person is prohibited. It is only in cases of property held confessedly and nakedly for the use of the debtor that the process can operate at all upon a third person. The officer can try no question of trust or fraud." In *Barnard v. Kobbe*, 54 N. Y. 516, it was said: "To authorize an order under section 297 of the code, the property to be applied to the payment of the judgment must belong to the judgment debtor. If any other party claims an adverse interest in it, the question must, by the very terms of the statute, be settled in an action to be tried according to the ordinary forms of law. Enough appeared upon the examination of Kobbe to show, either that Arnstein had not even *prima facie* title to the money, or that the plaintiff claimed an interest in it. In either case the order was made without authority of law." In

*Rodman v. Henry,* 17 N. Y. 482, it was held that: "Where, on examination of a judgment debtor under proceedings supplemental to execution, it appears that he is in possession avowedly as the agent of a third person of property claimed by such person under a paper title apparently good, it is improper to order a delivery of the property to the receiver. The proper remedy is for the receiver to bring an action against the claimant to test the question of ownership."

It was decided by the supreme court of Wisconsin, in *Blabon et al. v. Gilchrist,* 67 Wis. 38, as follows: "The provisions of section 3035, which authorizes the court or judge to order any property of the judgment debtor in the hands of himself or any other person to be applied towards the satisfaction of the judgment, does not conflict with such intent, as it is clear from reading the whole section that such power can only be exercised in those proceedings when there is no dispute about the ownership of the property or as to the amount of the debt due to the judgment debtor by such third person. The proceeding so far as it is an adversary proceeding is solely against the judgment debtor, and no issue can be tried by the commissioner between a third person and the plaintiffs in the judgment, as to the fact whether such third person has property in his hands belonging to the defendant."

The supreme court of Ohio, under the same statute, has adopted the same rule of practice. In *White v. Gates,* 42 Ohio St. 109, the court, in commenting upon the right of a third person claiming the property sought to be reached, said: "The proceeding in the probate court was not such suit, or a substitute for it, but a proceeding summary in its character, in the nature of a proceeding *in rem,* designed to appropriate the property of a judgment debtor in the hands of a third person, to the payment of the judgment, where the person having possession of the property asserts no claim to it and voluntarily assents to such appropriation. And while the judge may order the person having the property to deliver the same to a receiver, although the person so hav-

ing possession claims to own it, the judge has no power to enforce the order as for a contempt, however plain it may seen to him that such claim of ownership is wholly unfounded, but the receiver must resort to the ordinary remedy by action." And this ruling is further supported by *Union Bank v. Union Bank*, 6 Ohio St. 254; *Edgarton v. Hanna*, 11 Ohio St. 323.

The supreme court of North Carolina, in *Coates Bros. v. Wilkes*, 92 N. C. 376, construing a similar statute, says: "If it appear that the debtor has funds or property in his own hands, the court may by proper order apply the same to the judgment; but, if the title to the property alleged or claimed to be that of the debtor, in fraud of creditors, in such way as that it cannot be promptly reached by execution or the order of the court, then a receiver may be appointed at once."

California has adopted practically the same rule. *Parker v. Page*, 38 Cal. 522; *Hartman v. Olvera*, 51 Cal. 501; *Ex Parte Hollis*, 59 Cal. 405; *McDowell v. Bell*, 86 Cal. 615, 25 Pac. 128.

The state of Nevada has the same statutory provisions, and the supreme court of that state, in *Haggerman v. Tong Lee*, 12 Nevada 331, said: "When these various sections are considered together, it seems perfectly plain that the judge or referee can only order property to be applied to the satisfaction of the judgment when the debtor's title thereto is clear and undisputed. If the plaintiff only claims, as in this case, that the person under examination is indebted to the judgment debtor, then the judge or referee can only order such person to pay over the money when such person admits the indebtedness and acknowledges his ability to pay the amount due, or these facts are established by other equally clear and indisputable evidence. If there is any dispute as to the ownership of the property, or if the person proceeded against in good faith denies the debt, neither the judge nor the referee has any power or authority whatever in these proceedings to decide the disputed question and order the property deliverd or money adjudged to be due to be paid over in satisfaction of the judgment."

The following cases announce the same doctrine: *Thompson et al. v. Guenthner et al.*, 5 S. D. 504; *Allen v. Tritch et al.*, 5 Colo. 222; *Stearns v. Eaton,* 17 N. Y. Supp. 687; *Shannon v. Steger,* 78 N. Y. Supp. 163; *Roy v. Baucus,* 43 Barbour (N. Y.) 310; *Winters v. McCarthy,* 2 Abbott's New Cases (N. Y.) 357; *Wallace et al. v. McLaughlin* (Utah) 43 Pac. 109.

These decisions, construing statutory provisions either identical or similar to ours, are unanimous in holding that in proceedings in aid of, or supplemental to, execution, where the inquiry is based upon an averment that the judgment debtor withholds property or has in his possession property which he refuses to apply to the payment or satisfaction of the judgment, it is discovered that he has property to which a third party claims title, or which is not under his personal control, the court has no power to order him to turn it over to the officer or to direct him to apply it to the judgment. In this case the examination of the judgment debtor developed the fact that he has no property in his possession except the real estate described in the order, the title to which was in his wife, and he was making no claim to it. However much the court may have been convinced that the property was fraudulently held by the wife and that the judgment debtor was in fact the owner, such question could only be determined in a proceeding where the wife was a party and had her day in court to have her rights and interests determined. He could not apply this property because the title was not in him, and the court should not order him to do an act which required of him the impossible. The probate court erred in making the order appealed from in this cause.

The courts of the different states are not in harmony as to the remedy in such cases. Some hold that the judgment creditor should obtain the appointment of a receiver and get leave of the court for the receiver to sue the third party to recover the property fraudulently held or held as trustee for the judgment debtor. All hold that the judgment creditor may have his suit

in equity to set aside the fraudulent conveyance and subject the property to the payment of the judgment. The statute (section 4678, Wilson's Stat. 1903) gives the additional right to the judgment creditor to compel third persons indebted to or having property of the judgment debtor to submit to an examination in respect thereto. Such proceedings are recognized in other jurisdictions. 17 Cyc. 1430.

The defendant in error contends that the order appealed from in this case is not a final order, and is not such an order as from which an appeal will lie. In defining a final order from which an appeal will lie, it is provided in section 4735, Wilson's Stat. 1903: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment and an order affecting a substantial right, made in a special proceeding, or upon a summary application after judgment, is a final order which may be vacated, modified, or reversed, as provided in this article." The order in this case is "an order affecting a substantial right, made in special proceeding after judgment," and is a final order and appealable. *Knight v. Nash,* 22 Minn. 452; *Lamonte v. Pierce,* 34 Wis. 483; *Forbes v. Willard,* 54 Barb. (N. Y.) 520; *McKnight v. Knisely,* 25 Ind. 336, 87 Am. Dec. 364; *Cook v. City Nat'l Bank,* 73 Ind. 260; *West Side Bank v. Pugsley,* 47 N. Y. 368.

The order and judgment of the probate court of Logan county is reversed, at the costs of defendant in error, and the cause is remanded for such further proceedings as may be authorized by law.

Pancoast and Garber, JJ., absent; all the other Justices concurring.