---

## In re EDDY.

(District Court, W. D. New York. February 23, 1922.)

### No. 9014.

1. Bankruptcy ⬤➡101—Filing of petition notice that process will be invoked to seize assets.

The filing of a petition in bankruptcy is notice to all persons that the process of the bankruptcy court will be invoked for the intended purpose of immediately seizing and taking into its possession for the benefit of creditors the assets of the bankrupt, either in his actual possession or such as may be reduced to possession.

2. Bankruptcy ⬤➡288(1)—Order to show cause issued where third persons withhold property.

The usual proceeding where third persons withhold property belonging to the bankrupt is for the court to issue an order directing such person to show cause at a future day why surrender thereof should not be made.

3. Bankruptcy ⬤➡288(1)—When property of bankrupt may be seized summarily.

Real estate and other personal property found in the actual possession of the bankrupt can be ordered delivered to the custody of the bankruptcy court in a summary proceeding; but where it has been conveyed

---

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

or assigned to a third party, who is in possession thereof, though in a summary proceeding the right of possession may be determined, still jurisdiction is lost, if it is shown that a bona fide adverse claim exists.

4 Bankruptcy ☞288(1)—Adverse claim as to property in hands of third party cannot be determined in summary proceeding by receiver.

Where it was claimed that bankrupt transferred property to third party by deed, and the latter was in colorable occupancy, and there was a categorical denial by the bankrupt that the transfer was in bad faith, the bankruptcy court could not determine the matter on opposing affidavits in a summary proceeding by receivers to acquire custody.

5 Bankruptcy ☞301—Temporary restraining order may issue to prevent disposal of property in possession of third party.

If there is any reason to believe that corporation in possession of property claimed to belong to the bankrupt intends to dispose of the property, to which it has the legal title, or to conceal it in fraud of the creditors of the bankrupt, a temporary restraining order may issue pending a reference to inquire whether the corporation claims adversely, or whether its title and possession is merely colorable.

In Bankruptcy. In the matter of Edward H. Eddy, bankrupt. On motion by receivers to acquire custody of premises. Motion denied.

Wilbur B. Grandison, of Buffalo, N. Y., for receivers.

Philip A. Laing, of Buffalo, N. Y., for bankrupt.

HAZEL, District Judge. [1-4] The filing of the petition herein was notice to all persons that the process of the bankruptcy court will be invoked for the intended purpose of immediately seizing and taking into its possession, for the benefit of creditors, the assets of the bankrupt, either in his actual possession or such as may be reduced to possession. The usual proceeding, where third persons withhold property belonging to the bankrupt, is for the court to issue an order directing such person to show cause at a future day why surrender thereof should not be made. Real estate and other personal property found in the actual possession of the bankrupt can be ordered delivered to the custody of the bankruptcy court in a summary proceeding; but where it has been conveyed or assigned to a third party, who is in possession thereof, though in a summary proceeding the right of possession may be determined, still jurisdiction is lost if it is shown that a bona fide adverse claim exists.

In this case it is claimed that the bankrupt has transferred certain property to the Florida Hotel corporation by deed, and that the latter is in colorable occupancy. The corporation has the right to assert that it is in rightful possession and an adverse claimant thereto. Such a determination cannot be made in view of the categorical denial by the bankrupt that the transfer was in bad faith. See In re Briskman (D. C.) 132 Fed. 201; In re New York Car Wheel Works (D. C.) 132 Fed. 203. There must be inquiry into the merits of such a controversy. It cannot here be determined on opposing affidavits. If in the judgment of the court the asserted adverse claim is colorable and in bad faith, a surrender of possession may be required summarily. The rule is clearly stated in American Trust Co. of Pittsburgh v. Wallis, 126 Fed. 464, 61 C. C. A. 342, wherein it was said:

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"If the bankrupt denies that he has possession or control of the property, or if a third person in possession thereof claims to hold it, not as the agent or representative of the bankrupt, but by title adverse to him, and there is no evidence to indisputably show that such denial or claim is false or fraudulent, or that the case is one of simple concealment or refusal on the part of the bankrupt, or the one in possession, to deliver up the property so ordered, it would be an unwarranted stretch of power on the part of the court to resort to a summary proceeding for contempt for the enforcement of its order. In the absence of fraud or concealment, the bankrupt court can only order the delivery of property to the trustee which the bankrupt is physically able to deliver up, having the same in his possession or control."

[5] However, if there is any reason to believe that the Florida Hotel corporation intends to dispose of the property of which it has title, or to conceal it in fraud of the creditors of the bankrupt, a temporary restraining order may issue. See In re Tune (D. C.) 115 Fed. 906, 8 Am. Bankr. Rep. 292. Hence the proper procedure is to require the Florida Hotel corporation, on petition, to appear, and upon denial of the facts alleged in the petition or of the jurisdiction of this court, a reference will be directed to the referee as special master, to inquire and determine whether the respondent claims adversely, or whether its title and possession is merely colorable. If it is determined by the special master that an adverse claim exists, and possession is held by the Florida Hotel corporation with the intention to defend its title in good faith, then a plenary action must be instituted by the trustee.

The application by the receivers for an order that they be let into possession of the premises in question is denied. If the parties so desire, the petition of the receivers and the opposing affidavit of the bankrupt may be treated as raising an issue, and reference as herein pointed out may immediately be had.