## In re OLIVER.

(District Court, E. D. Michigan, S. D.   June 9, 1924.)

No. 6384.

**Bankruptcy ⊜⇒288(2)—One acquiring bankrupt's property not compelled to litigate right to possession in summary proceedings.**

A person holding possession acquired prior to commencement of bankruptcy proceedings of bankrupt's property under substantial adverse claim of lien through legal proceedings, such as attachment, is an adverse claimant, and cannot be compelled to litigate his right to such possession in summary proceedings in bankruptcy court.

In Bankruptcy. In the matter of Louis R. Oliver, bankrupt. Summary proceeding by receiver in bankruptcy against a creditor of the bankrupt. Proceeding dismissed.

G. Leslie Field, of Detroit, Mich., for receiver.

Joslyn, Finkelston, Lovejoy & Chilson, of Detroit, Mich., for respondent.

TUTTLE, District Judge. This is a summary proceeding in bankruptcy brought by the receiver in bankruptcy herein against respondent, a creditor of the bankrupt, to obtain an order from this court in this proceeding requiring respondent to turn over to the receiver certain property of the bankrupt which came into the possession of respondent within four months prior to the filing of the involuntary petition in bankruptcy herein, through attachment proceedings instituted by respondent against the bankrupt within such four months. The receiver claims the right to the possession of this property, and to the order sought, on the ground that the bankruptcy proceedings dissolved and nullified the lien of such attachment. Respondent denies both the right of the receiver to possession of the property and his right to seek such possession by the summary order sought, and asserts a substantial adverse claim to such property and to possession thereof, under its attachment lien, as against the bankrupt and the receiver.

Since the recent decision of the United States Supreme Court in the case of Taubel-Scott-Kitzmiller Co. v. Fox, 44 Sup. Ct. 396 (decided April 7, 1924), it is settled beyond any doubt that a person holding possession, acquired prior to the commencement of bankruptcy proceedings, of property of the bankrupt under a substantial adverse claim of lien thereon through legal proceedings, such an attachment, is an adverse claimant, and, as such, cannot be compelled to litigate his right to such possession in summary proceedings in the bankruptcy court. The contention, therefore, of the receiver to the contrary, must be overruled, and as the bankruptcy court has never had possession of the property in question, and the respondent, as an adverse claimant, has seasonably challenged the jurisdiction of this court to decide, in this summary proceeding, the validity or effect of the asserted lien, it is clear that for this reason alone (and without considering the merits of any other question) the petition must be dismissed. An order to that effect will be entered.

---

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes