**RIDPATH, Sheriff, v. LANCASTER et al.**

No. 18889. Opinion Filed Jan. 14, 1930.

Rehearing Denied April 15, 1930.

Roscoe Cox and Jas. A. Embry, for plaintiff in error.

J. W. Field and Lydick, McPherren & Jordan, for defendants in error.

HERR, C. This is a proceeding instituted in the district court of Creek county by T. A. Lancaster and Dessie M. Lancaster against M. T. Ridpath, sheriff of Lincoln county, to amerce **him for failure to re-turn an execution.** The proceeding was had under section 722, C. O. S. 1921, and resulted in a judgment in favor of movants. The sheriff **appeals.**

It appears that on June 14, 1926, judgment was rendered in said court in favor of movants and against Pansy Bice and M. C. Bice in the sum of $715.10, with interest thereon at six per cent. from February 3, 1926, and all costs of the suit. The amount of the costs, however, was not specified in the judgment. The execution was issued on July 1, 1926, and placed in the hands of the sheriff for service; and a levy thereunder was made by said sheriff on certain personal property and real estate belonging to the judgment debtors. No return of this execution was ever made by the sheriff.

This proceeding was commenced sometime in June, 1927. The sheriff, in defense, offers various reasons which he contends excuse him for his failure to make return. We need consider but one of them.

The execution did not conform to the judgment; no definite amount in costs was fixed or specified in the judgment. The execution, in addition to the amount specified in the judgment, commanded the sheriff to make the levy to satisfy the judgment and costs. The costs in the original proceeding, as shown by the record, amount to $11.35, which amount is included in the judgment against the sheriff. In our opinion, because of this variance between the judgment and the execution, the proceeding to amerce the sheriff must fail.

Section 776, C. O. S. 1921, provides:

"The several clerks of the district court shall tax the costs in each case, and insert the same in their respective judgments, subject to retaxation by the court, on motion of any person interested."

In the case of Stein, Sheriff, v. Scanlon, 34 Okla. 801, 127 Pac. 483, this court holds:

"A judgment on its face showed it was entered for $211 and no costs. The execution issued thereon showed the judgment to be for $211 and $184 costs. No effort was made to supply the omission, although the attention of the court and the judgment creditor was called thereto at the trial. Held, to be such a variance between the judgment and execution as would prevent the court from entering judgment in amercement for the full amount."

In the body of the opinion, it is said:

"Another discrepancy in the execution under discussion is also pointed out, viz.,

there were no costs taxed in the judgment as entered in the county court in this case, whereas, the execution shows costs taxed in the sum of $184.15. According to our view of the law, where an execution shows on its face that it was issued for an amount greatly in excess of the actual judgment entered in the case, the sheriff or officer to whom it is directed will not be liable in amercement for failing to return same on or before its return day, there being such a substantial discrepancy between the recitals of the execution and the judgment upon which it is based as to render the former void. We do not say, in this connection. that such defect in the judgment cannot be supplied, but we do say that in the instant case it was not supplied, but still exists wholly unexplained."

The court, in its opinion in the above case, among other cases, cites as authority the case of Fisher v. Franklin, 38 Kan. 251, 16 Pac. 341, in which case judgment was rendered for $1,000 and costs taxed at $——; the execution included costs to the amount of $22.65. The Supreme Court of Kansas held that because of the variance between the judgment and the execution, proceedings to amerce the sheriff would not lie.

Under these authorities and the statute above quoted, movants were not entitled to prevail.

The costs might have been calculated and inserted in the judgment prior to the issuance of the execution, but this was not done, nor is the amount thereof shown by the judgment docket. Movants introduce the appearance docket in order to show the amount of costs. This, however, does not cure the failure to have the amount thereof included in the judgment.

While this failure would not render a sale under the execution void (Merwin v. Hawker [Kan.] 1 Pac. 640), the sheriff cannot be amerced because of his failure to execute and return the same. Gleason v. Itten (Kan.) 34 Pac. 892.

Judgment should be reversed, and the cause remanded, with directions to enter judgment denying amercement.

BENNETT, JEFFREY, TEEHEE, and DIFFENDAFFER, Commissioners, concur. ANDREWS, J., disqualified and not participating.

By the Court: It is so ordered.