## DASCOMB-DANIELS LUMBER CO. v. WHITLEY.

No. 21257.   Opinion Filed Oct. 11, 1932.

Wilson & Roe, for plaintiff in error.

Mounts & Chamberlin, for defendant in error.

KORNEGAY, J.   This is a proceeding in error to review the action of the district court of Tillman county in setting aside a sale of land on ordinary execution. A statement of the facts that appears accurate is set forth at page 1 of the brief of the plaintiff in error. Assignments of error are made, complaining of the action of the court in setting aside the sale, and argument is made accordingly. The statement made by the plaintiff in error is supplemented by the defendant in error by the following:

"For some two or three years prior to December, 1926, and up to November 2, 1927, the defendant, A. E. Williams, and his wife, owned and were in possession of the real estate involved herein and occupied the same as their homestead. (R. 78-79, 87.) That this property was the homestead of the defendant, Williams, and his wife, at the time the judgment forming the basis of this action was recovered against the defendant, Williams, was and is admitted by the plaintiff at all times, as shown at page 5 of the brief of the plaintiff in error.

"On April 1, 1926, the defendant, Williams, and his wife, gave a real estate mortgage on the premises to the Commerce Trust Company for $1,200, which mortgage is still in full force and effect. (R. 76.) In addition to that mortgage, on December 20, 1926, the defendant, Williams, and his wife, gave a second real estate mortgage to the First National Bank of Frederick, Okla.,

on said premises, for $1,250, which mortgage continued to be a valid, subsisting and unpaid mortgage until November 2, 1927, (R. 76, 87-94.)

"This action was commenced on December 27, 1926, when the plaintiff filed its petition in the district court of Tillman county, Okla., against the defendant, A. E. Williams, which suit was a straight action on a promissory note given by the defendant, Williams, to the plaintiff on the 30th day of June, 1926. (R. 5-8.) On October 7, 1927, personal judgment was rendered against the defendant, Williams, in said action. (R. 21-22.)

"On November 2, 1927, while the defendant, Williams, and his wife, were occupying said premises as their homestead, they sold and conveyed the same to this intervener, M. C. Whitley, for $4,000, the consideration being as follows: The intervener assumed the $1,200 mortgage due the Commerce Trust Company, had the First National Bank of Frederick, Okla., release their $1,250 mortgage on December 20, 1926, and substituted therefor a second mortgage for $1,600 and intervener paid the balance of the purchase price of said land in cash. (R. 76-78, 94-109.) After the intervener purchased the land and paid the consideration aforesaid, and about December 10, 1927, he obtained knowledge that the plaintiff had a judgment against the defendant, Williams, but ascertained that the premises bought by the intervener constituted the homestead of the defendant, Williams, and his wife, required the defendant, Williams, to execute an affidavit to that effect. (R. 77-79.)

"On November 26, 1927, an execution was issued in the usual form against the defendant, Williams, by the plaintiff on the judgment obtained on October 7, 1927. Said execution was levied on the premises involved in this action on November 30, 1927, and an appraisement was made on that date, showing that said premises were 'subject to a mortgage of $1,200,' and the equity was appraised at $1,300. (R. 24-35.) It is to be noted that no contention was made of either the $1,250 mortgage, or the $1,600 mortgage of the First National Bank of Frederick, Okla. Thereafter, an execution sale of said property was made on January 4, 1928 (R. 30-31). Thereafter the plaintiff filed its motion to confirm the sale, and the intervener filed his motion and amended motions to set aside the sales. (R. 37-68.)

"The matter thereupon came on for hearing on March 8, 1929, and on November 4, 1929, the court, after having taken the matter under consideration and considering the same on the arguments and briefs of the parties, rendered its judgment in said cause sustaining the motion of the intervener, setting aside the sale, and denying the motion of plaintiff to confirm the same. Thereafter, the same was legally filed in this

court on appeal as provided by law (R. 118-120.)"

An examination of the record shows that the parties are in substantial accord as to the facts, and that the foregoing statement of facts is borne out by the record. The position of the plaintiff in error is that the sale should be confirmed, notwithstanding the irregularities connected therewith, and notwithstanding the fact of its having been the homestead of the judgment debtor and the mortgage liens.

Citation is made of Japp v. Sapulpa State Bank, 90 Okla. 56, 215 P. 1059; South Texas Lumber Co. v. Epps, 48 Okla. 372, 150 P. 164; Holland v. Robbins, 92 Okla. 225, 219 P. 387; Bryan v. Orient Lumber & Coal Co., 55 Okla. 370, 156 P. 897; and Kleindorfer v. Dascomb-Daniels Lumber Co., 102 Okla. 60, 226 P. 354; also section 690, C. O. S. 1921; 15 R. C. L. 799; Nickerson v. Crawford (Minn.) 73 Am. St. Rep. 354, Gregory Co. v. Cale (Minn.) 37 L. R. A. (N. S.) 156; Hamra v. Fitzpatrick, 55 Okla. 780, 154 P. 665, and Atlas Supply Co. v. Blake, 51 Okla. 778, 152 P. 601.

The cited cases are not harmonious, one being expressly overruled, but later cases seem to follow the overruled case. We think that, under the decisions cited by the parties, it is safe to say that as between the original homesteader and the materialman who furnished the materials to improve the homestead under contract, the homestead owner could not claim the property as exempt on an execution to enforce a personal judgment rendered for the materials furnished for the improvements.

In this case there were two mortgages of record when the judgment was rendered, and they ordinarily would take precedence over the judgment itself or the execution based thereon, and the right of the judgment creditor would be subordinate to these two mortgages. One of them was taken up by the purchaser by executing a new mortgage for $1,600. There arose, therefore, a necessity for an ascertainment of the respective priorities of the parties, and the question of keeping alive the mortgage that was taken up by the purchaser.

Under these conditions, the court refused to confirm the sale and set it aside, leaving the parties free to have their equities settled if they so desired prior to another sale. Several cases are cited on the necessity and manner of appraisement of property that is covered by liens. It is one of the usual grounds of equity jurisdiction that, by reason of the complex nature of liens, the court, instead of allowing more liens to be created by the action of ministerial officers, will settle the priorities of the various claims, and sell under order of court, so that good titles may be had and no further litigation would be required to define the rights of the parties. See Bispham on Equity, sec. 326, under the head of Adjustment, section 360, treating of liens, and sections 525-6, Creditors' Bill. See sections 478 and 487, O. S. 1931.

Under the circumstances, we think the court rightly exercises discretion in setting aside the sale instead of complicating matters further by a confirmation, and the decision complained of is here accordingly affirmed, leaving the parties free to have their respective priorities settled by court decree, and to have a sale made under order of court, if the court finds that it should be made, after adjusting the rights of the parties.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. RILEY and HEFNER, JJ., absent.