**JACKSON, Ex'x, v. FIRST NAT. BANK IN ADA et al.**

No. 25168.   June 26, 1934.

Rehearing Denied Sept. 11, 1934.

Geo. W. Burris and W. F. Schulte, for plaintiff in error.

Denver N. Davison and Hayes, Richardson, Shartel, Gilliland & Jordan, for defendants in error.

WELCH, J.   The defendants in error are two national banks and one individual, P. A. Norris; the banks will be referred to as the old bank and the new bank.

In the district court of Pontotoc county the plaintiff filed suit against the old bank in July, 1924, to recover a money judgment as damages for the alleged conversion of certain negotiable instruments by said bank. In this action, in cause No. 6908, the plaintiff recovered a judgment against the old bank for $6,864.09, which judgment, after appeal, became final January 22, 1930.

On October 31, 1924, about three months after the filing of said cause No. 6908, the new bank was organized.  The new bank and Mr. Norris, by contract with the old bank, took over certain assets of the old bank and assumed certain liabilities of the old bank.  There was a written contract which is shown in the record.

After plaintiff's judgment against the old bank had become final, and after execution had been returned no property found, the plaintiff, on September 2, 1931, instituted a new action in the district court of Pontotoc county against the new bank upon the theory that the new bank was the successor of the old bank, and upon the theory that by reason of the manner and method by which the new bank took over property and assets of the old bank, the new bank became and was indebted to the old bank and liable to the

plaintiff as a judgment creditor of the old bank, and in that action, as cause No. 11277, the plaintiff sought to collect from the new bank her judgment theretofore obtained against the old bank for $6,864.09. The new bank, the defendant in cause No. 11277, filed its answer in due time, to which the plaintiff filed reply.

Thereafter, and without awaiting trial and disposition of said cause No. 11277, the plaintiff instituted the present proceedings before the county judge of Pontotoc county, the plaintiff seeking to proceed before the county judge in aid of execution against the old bank, and seeking to proceed in garnishment against the new bank and P. A. Norris, upon the theory that they had in their possession property of the old bank and are creditors of the old bank.

The new bank and Mr. Norris appeared, and, after various legal objections to the proceedings, denied any indebtedness to the old bank, or that they held any property of the old bank.

After extended hearing and introduction of oral and documentary evidence, the county judge made his written findings generally in favor of the garnishees on all issues, and found that the garnishees were not indebted to the old bank nor held any property of the old bank, and the county judge discharged the garnishees.

The plaintiff prosecutes this appeal from that order of the county judge and seeks to have that order reversed and set aside and judgment rendered here against the defendants in error, the garnishees.

No specific attack is made upon the right of plaintiff to seek such relief by this appeal in this action, and we engage in no discussion of that question.

A question arises as to the authority of the county judge of Pontotoc county to act in aid of execution for the collection of the judgment rendered in the district court of Pontotoc county, but, as we view the matter, a determination of that question is not necessary to a determination of this cause, and that question is not discussed

A question determinative of this appeal arises by reason of the fact that there is a substantial and serious dispute and question raised by the garnishees as to whether they are in any manner indebted to the old bank, or have any property whatever belonging to the old bank. The new bank did purchase certain of the assets of the old bank and did assume certain obligations of the old bank, but there was no agreement whatever to assume this particular obligation; nor did the new bank or Mr. Norris come into possession of any property of the old bank, except in pursuance of the agreement and transaction by which such assets were purchased and certain liabilities assumed. The county judge, after extended hearings and detailed investigation of the transaction, found all issues in favor of the garnishees. There is evidence strongly tending to support such findings and conclusion. The new bank and Mr. Norris vigorously contend that they have fully complied with every contract with the old bank, and that they have fully discharged their obligation to the old bank, while the plaintiff contends, in substance, that by reason of the method and manner of their dealings and taking over certain properties of the old bank, some liabilities to the old bank yet remained. At any rate, the record clearly shows a substantial and serious dispute, in good faith on the part of the garnishees, which cannot be adjudicated against them in such a proceeding, which was in the nature of a summary proceeding in aid of execution.

The details of this dispute appear in the pleadings of cause No. 11277 above referred to. While the record here shows the commencement of that cause and the joining of issues therein, there is no disclosure as to the present status of that action. We are in no manner precluded from saying that in that action the question of any liability yet remaining on the new bank or Mr. Norris may have been, or may yet be, fully and properly determined. And we must say that the new bank and Mr. Norris are fully entitled to insist that they have complied with every obligation and discharged all liability to the old bank, and they are entitled to present and establish the same in proper action in a court of general jurisdiction, where their right to a jury trial may be accorded them with all their rights to which they are entitled, and which may be fully accorded them in an action brought to test their liability to the old bank and to this plaintiff. It is obvious, of course, that such rights may not be fully accorded in any summary proceedings in aid of plaintiff's execution against the old bank, and that such summary proceedings may not be resorted to for the purpose of determining such substantial and serious disputes of any liability as are here presented and appear to be sustained by merit. If any liability whatever remains on the part of the new bank or Mr. Norris to the old bank, the nature and character of that liability and the amount thereof must be properly determined in an appropriate ac-

tion or proceeding before the same may be reached by plaintiff and applied in aid of her execution against the old bank.

See Ryland v. Arkansas City Milling Co., 19 Okla. 435, 92 P. 160, where the opinion by Burford, Chief Justice, presents an able review of many supporting authorities.

See, also, Lewis v. Chamberlain, 108 Cal. 525, 41 P. 413; Waldron v. Walker, 18 N. Y. S. 292; Bernstein v. Traverso, 143 N. Y. S. 1091; Beach v. Macon Gro. Co., 116 F. 143; In re Cohn, 98 F. 75; In re Sheinbaum, 107 F. 247; In re New York Car Wheel Works, 132 F. 203; Copeland v. Martin, 182 F. 805; In re Gill, 190 F. 726; Martin v. Olive, 260 F. 89; In re Diamond's Estate, 259 F. 70; In re Oliver, 298 F. 671.

A legally appointed guardian, administrator, trustee in bankruptcy, or receiver has certain well-defined rights to the possession of property and to collect bills and accounts receivable. In many instances such rights may be enforced by somewhat summary proceedings and without any independent action, but rarely, if ever, in the case of an adverse claim made in good faith which presents a substantial and serious dispute of such right, and which dispute and adverse claim is apparently meritorious. The cases on those questions are not directly in point here, but they are interesting in their classification of those situations wherein a summary adjudication may not be had.

In the instant case the plaintiff shows no authority authorizing her in this proceeding before the county judge to litigate the disputes as to liability between the new bank and Mr. Norris on the one hand, and the old bank on the other hand, which liability, if any at all, results from the transactions between those parties had in 1924, when the new bank was organized and commenced business.

The prayer of the petition in error that the judgment and order of the county judge be reversed and set aside and that a judgment be rendered in favor of the plaintiff is denied. The action of the county judge is affirmed.

RILEY, C. J., and ANDREWS, McNEILL, and BAYLESS, JJ., concur.