### BIERSCHENK v. KLEIN.

No. 27749.    Oct. 11, 1938.

Tomerlin, Chandler, Shelton & Fowler and John Swinford, for plaintiff in error.

Priest & Belisle, for defendant in error.

GIBSON, J. This is an appeal by a judgment debtor from an order of the district court of Oklahoma county confirming sale of real estate on execution.

The defendant in error, hereafter called plaintiff, recovered a judgment in said court against plaintiff in error, hereafter referred to as defendant, on two promissory notes. Execution was issued and returned no property found. A second execution was issued and levied upon the two-ninths undivided interest of the defendant in a quarter sec-

tion of land in Oklahoma county inherited by defendant from his father. Appraisers duly appointed placed the value of the two-ninths interest at $2,000, subject to mortgage liens of record in the amount of $12,000, and subject to the life estate of the wife of the deceased, and to oil and gas leases and mineral deeds of record; and the appraisers then fixed the value of the defendant's interest "at the sum of naught." At sheriff's sale plaintiff bid in the interest of defendant for $1,050.

Upon hearing on motion to confirm, defendant objected to confirmation on the ground that his individual interest in the land was merely an equity, since it was subject to the liens and estates mentioned in the appraisement, and was therefore not subject to sale upon general execution. It is urged in this connection that defendant's interest was subject to ascertainment and sale by receiver to satisfy the judgment only in the manner provided by the statutes governing proceedings in aid of execution, particularly section 478, O. S. 1931, 12 Okla. Stat. Ann. sec. 841, and sections 486-490, O. S. 1931, 12 Okla. Stat. Ann secs. 852-856.

Section 478 provides that in the absence of sufficient personal or real property of the debtor to satisfy the judgment, "any equitable interest which he may have in real estate, as mortgagor, mortgagee, or otherwise * * * shall be subject to the payment of such judgment, by action, or as hereinafter prescribed." Section 487 contains the provisions most pertinent to defendant's contention. The section reads as follows:

"If it shall appear that the judgment debtor has any equitable interest in real estate in the county in which proceedings are had, as mortgagor or mortgagee, or otherwise, and the interest of said debtor can be ascertained as between himself and the person or persons holding the legal estate, or the person or persons having a lien on or interest in the same, without controversy as to the interest of such person or persons holding such legal estate or interest therein, or lien on the same, the receiver may be ordered to sell and convey such real estate, or the debtor's interest therein. Such sale shall be conducted in all respects in the same manner as is provided by this Code for the sale of real estate upon execution; and the proceedings of the sale shall, before the execution of the deed, be approved by the court in which the judgment was rendered, or the transcript has been filed as aforesaid, as in case of sale upon execution."

Conceding that the judgment creditor should proceed in aid of execution according to the foregoing statutes, or by action

in equity, to subject equitable interests of the debtor to the payment of the judgment, the proceeding was unnecessary in the instant case. The property levied upon was not such an interest, but was a legal estate in fee simple and within the definition of "lands and tenements * * * not exempt by law," and subject to general execution and sale as provided in section 440, O. S. 1931, 12 Okla. Stat. Ann. sec. 733, subject to all liens thereon as permitted by section 445, O. S. 1931, 12 Okla. Stat. Ann. sec. 751. The last-cited section provides that where no goods are found the officer must so indorse the execution, "and forthwith levy the writ of execution upon the lands and tenements of the debtor which may be liable to satisfy the judgment; and if any of the lands and tenements of the debtor which may be liable shall be incumbered by mortgage or any other lien or liens, such lands and tenements may be levied upon and appraised and sold, subject to such lien or liens, which shall be stated in the appraisement." The sheriff proceeded according to the statute.

Defendant inherited the legal title in fee subject to the aforesaid liens and estates. No intangible equity was present. A mortgage in this state transfers no legal title or estate, but merely creates a lien against the property. See Pierce v. Duckett, 157 Okla. 20, 10 P.2d 697. Sections 440 and 445, supra, in the absence of chattels, clearly permit the sale of defendant's interest on general execution.

In support of his contention that his interest in the land was only an equitable one and that the plaintiff should have proceeded in aid of execution, the defendant cites Kiser v. Sawyer, 4 Kan. 503; Kirkwood v. Koester, 11 Kan. 471; Ryland v. Arkansas City Milling Co., 19 Okla. 435, 92 P. 160; Indian Land & Trust Co. v. Owen, 63 Okla. 127, 162 P. 818; Dascomb-Daniels Lumber Co. v. Whitley, 159 Okla. 222, 15 P.2d 31; Melish, etc., Mining Ass'n v. Burk-Senator Oil Co., 163 Okla. 20, 20 P.2d 879.

These cases involved, respectively, the interest of a purchaser in a contract for deed (the Kiser Case and Kirkwood Case); a third party held property belonging to the debtor (Ryland Case); and the same situation was present in the Indian Land & Trust Co. Case; and in the Dascomb-Daniels Lumber Co. Case the trial court refused to confirm the sale of real estate on ordinary execution, which real estate was subject to various liens. There was a question of priorities of liens, and the equities of the purchaser of the land from the judgment

debtor. This court held that the trial court acted properly within its discretion, stating in effect that the parties were entitled to have their interests settled by judicial decree before encumbering the land with another claim or interest yet undetermined. None of the cited cases is in point.

The interest of defendant in the instant case was undisputed, and clearly capable of ascertainment; was an estate in fee simple, and subject to general execution in the manner provided by statute.

Defendant says certain items of indebtedness not appearing in the judgment were included in the execution, thus creating sufficient variance between the judgment and the writ to avoid the sale. The items in question consisted of accrued cost in the sum of $7.50 and accruing costs in the sum of $10.

The court rendered judgment in usual form against defendant for a sum certain with interest and attorney's fees, "and for all the costs of this action." In an action for recovery of money only the plaintiff, if successful, is usually allowed his costs as a matter of course. Section 519, O. S. 1931, 12 Okla. Stat. Ann. sec. 928. The clerk "shall tax the costs in each case, and insert the same in their respective judgments, subject to retaxation by the court, on motion of any persons interested." Section 524, O. S. 1931, 12 Okla. Stat. Ann. sec. 933. Here the correctness of the items of cost is not questioned. Neither is it shown that the clerk failed to properly enter the items on the appearance and judgment dockets. We are therefore to presume that the items were duly entered in those dockets. Merwin v. Hawker (Kan.) 1 P. 640.

Failure to insert the costs will not imperil the judgment (15 C. J. 173, sec. 417); and it becomes plain from a reading of the statute (section 524, supra) that the insertion of the costs in the formal judgment constitutes no part of the act of taxing costs, but follows as an additional duty of the clerk after taxation. The ministerial act of taxing costs is completed by the clerk when the amount thereof is duly entered on the judgment docket. This act, though not judicial, will support an execution in this state, this for the reason that the statute gives to the act of the clerk the force of a judgment until the costs as taxed by him are questioned by motion. In 15 C. J. 176, section 426, the following statement appears in the text:

"A bill of costs taxed by the clerk has the authority of a judgment; and stands as such until such time as the court on motion shall adjudge that the items taxed were improper or that the amounts thereof are too large."

Our attention is called to no decision holding that the failure of the clerk to insert in the judgment items of properly taxed costs will render void or voidable a sale on an execution issued for such costs. The sale is not void (Merwin v. Hawker, supra; Ridpath v. Lancaster, 142 Okla. 282, 286 P. 780); and we must hold that it is not voidable. As we have said, it is to be presumed, in the absence of a contrary showing, that the clerk properly calculated the costs and made a record thereof on the appearance docket or on the judgment docket, and this will support the execution issued thereon. Under such circumstances no harm could possibly result to the judgment debtor by the mere failure of the clerk to insert the amount of the costs in the formal judgment for the principal debt. We are not here concerned with costs improperly taxed.

All cases cited by the defendant involve the question of amercement of an officer. They hold generally that where there is a variance between the judgment and the execution as to the amount of the debt, the officer to whom such execution is directed is not liable to amercement for failure to execute and return the writ in proper time. The cases do not involve the question of the validity of sales on execution.

The judgment is affirmed.

OSBORN, C. J., and WELCH, CORN, and HURST, JJ., concur.