## BRYAN *et al.* v. ORIENT LUMBER & COAL CO.

No. 6758.   Opinion Filed February 8, 1916.

Petition for Rehearing Withdrawn April 25, 1916.

(156 Pac. 897.)

1. **MECHANICS' LIENS—Time for Filing—Notice—Subcontractor.**
   While the law providing for a materialman's lien should be liberally construed to effectuate the object of the law, it is a condition precedent to the establishment of such lien that the proper lien statement be filed with the clerk of the proper district court, within the time provided by section 3863, Rev. Laws 1910, if the party seeking the lien be an original contractor, and within the time provided by section 3864, Rev. Laws 1910, if the party seeking the lien be a subcontractor; and such subcontractor must also give notice of the filing of such lien statement to the owner.

2. **HUSBAND AND WIFE—Contract by Husband—Presumption of Agency.** From the fact that the relation of husband and wife exists, it cannot be presumed that the husband is the agent of

the wife, and authorized, by reason of such marital relation, to contract for building upon the wife's land, so as to create a lien on her land.

3.  **MECHANICS' LIENS — Subcontractor — Personal Judgment Against Owner.**  A subcontractor, entitled to a mechanic's lien upon the land of the owner, is not legally entitled to a personal judgment against said owner on account of said lien.

4.  **BANKRUPTCY—Discharge—Defense—Pleading and Proof.**  In order to successfully maintain the defense of discharge in bankruptcy from the claim sued upon, the fact of such discharge in bankruptcy must be pleaded and proved.

(Syllabus by Collier, C.)

*Error from Superior Court, Custer County;*
*J. W. Lawther, Judge.*

Action by the Orient Lumber & Coal Company against Annie Bryan and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*Snodgrass & Darnell* and *Darnell & Darnell,* for plaintiffs in error.

*Henry Bulow,* for defendant in error.

Opinion by COLLIER, C. In this action, defendant in error seeks to recover of plaintiffs in error on account of an alleged materialman's lien. Hereinafter the plaintiff will be styled as it was in the trial court, and Annie Bryan and W. P. Bryan, defendants in the trial court, will be respectively styled wife and husband.

The evidence, so far as necessary to recite for a proper review of this case, is, substantially, that plaintiffs in error are husband and wife; that the wife owned the land upon which the materialman's lien is sought to be impressed; that said contractor purchased from plaintiff the material with which said dwelling was erected; that the last of said material was furnished by plaintiff

on the 18th day of June, 1910; that after the completion of said dwelling, the said husband was indebted to said contractor, and said contractor was indebted to plaintiff for a balance on account of said material furnished; and the said husband, on August 1, 1910, executed to plaintiff the promissory note sued on in this action; and said contractor was released by plaintiff of all liability on account of said material furnished by plaintiff; that on the 22d day of September, 1910, plaintiff filed in the office of the clerk of the district court of Custer county a materialman's lien, which was in form and substance as required by law; that said note was due and unpaid, except as to $28, which had been paid upon said note by said husband. There is no evidence in the case that said husband acted as the agent of his wife in the execution of said contract for the erection of said building, or that he had any authority to in any manner bind his wife in regard to said contract for building, or that said wife in any manner had knowledge of, or was connected with, the execution of said promissory note by the husband to plaintiff, or that notice of the filing of the lien was served upon the wife. By agreement, the case was tried to the court, and the court, among others, made the following findings of fact:

"(1) The court finds that this is an action on a promissory note to recover $162.45, with interest at 10 per cent. from date of instrument; that the note was executed by W. P. Bryan on August 1, 1910; that on September 8, 1910, defendant W. P. Bryan paid $28, the same being indorsed as a payment on the note. (2) That this note was executed and delivered to plaintiff as a balance payment on a lumber bill, and that said lumber was used in the erection of a building on lots 11 and 12, block 4, Hays addition, Clinton, Okla.; that the title to the lots on

which this house was erected was in the name of Annie Bryan at the time of erection, said Annie Bryan being the wife of W. P. Bryan, and that they jointly occupied the property as husband and wife.   (3) The court further finds that previous to the purchase of the bill of lumber, one Braffett was the treasurer of the Orient Lumber & Coal Company, a corporation, and the plaintiff in this action; that when the lumber and material left the lumber yard, it was charged to Bryan, 'by Braffett.'   All payments were made to Braffett, except the $28, credited upon the note.   (4) The court also finds that at the time the note was executed, Bryan and Braffett personally went to the place of business of the plaintiff and talked the matter over with H. P. Grow, president of the corporation, and who accepted the note and released Braffett from further liability.   Afterward the $28 payment was made.   (5) The court finds that at the time the note was given, plaintiff was a subcontractor and Braffett was contractor; that at the time the note was given, the time within which to file subcontractor's liens had not expired; that plaintiff filed within the time provided by law for contractors."

Upon said findings of fact, the court made the following conclusions of law:

"Wherefore the court concludes that plaintiff should recover the amount due upon the note sued on; that if Braffett was the original contractor, he assigned right to a lien on the building to plaintiff at the time he secured his release from liability to plaintiff for the balance due on the account; that defendants are estopped from denying the assignment for the reason that they secured an extension of time on the account; that the plaintiff has a valid lien on the house and premises described in plaintiff's petition, and entitled to have same foreclosed as per journal entry."

The court entered a joint judgment against the husband and wife for the sum of $162.45, with interest, de-

creed it a lien upon said building belonging to the wife in favor of plaintiff, and ordered that same be sold for the satisfaction of said judgment, to which defendants duly excepted. Motion for new trial was filed, upon the following ground, among others:

"That the verdict, decision, and judgment is not sustained by sufficient evidence, and the same is contrary to law."

Motion for new trial was overruled, excepted to, and this cause brought to this court for review.

The materialman's lien is a creature of statute; and, while it must be liberally construed to effect the beneficent purpose of the law, yet it is a condition precedent to effectuating a lien that the lien statement be filed in the office of the clerk of the district court of the proper county within the time prescribed by law, and such time must be estimated from the time the last item of material was furnished. The court correctly found that plaintiff was a subcontractor, and hence, in order to secure the lien claimed, it was necessary that said statement of lien should have been filed in the instant case, as the last item of material was furnished on June 18, 1910, within 60 days after said 18th day of June, but said statement of lien was not filed until September 22, 1910, more than 90 days after the time plaintiff furnished the last material. Again, notice of the filing of the lien statement was not served upon the wife, the owner of the property, which was necessary under the law to be done to effectuate the lien. Consequently, plaintiff did not acquire a lien upon the property described in the petition.

The fact that a note was given for the balance of the material purchased by the original contractor by the husband to the plaintiff for such balance, at a time less than 60 days from the date the last material was furnished by

plaintiff, could not change the law as to the time within which the lien statement required to be filed should be filed. Hence, we are unable to see why the fifth paragraph of the findings of fact by the court is applicable to any issue in this case, or that the judgment rendered is supported as a whole upon the facts found.

We are not unmindful of the holding of this court in the case of *South Texas Lmbr. Co. v. Epps*, 48 Okla. 372, 150 Pac. 164, and that the views herein expressed are not in accord with the holdings in said case—

"that the filing of a lien statement within the time fixed by the statute is not necessary to effect a lien as between the original parties to the contract."

Such holding in said case is unsupported by any authority, and, in our opinion, is unsound.

The fact that defendants were husband and wife does not authorize the conclusion that, by reason of said marital relation, the husband was the agent of the wife.

"Nevertheless, in order to charge the wife's land under a contract made by her husband, it must clearly appear that she authorized him to act for her in the premises, and no authority from the wife to the husband will be inferred from the mere existence of the marital relation." (27 Cyc. 64, and authorities there cited.)

There being no evidence that the material was furnished under a contract with the wife, the owner of the land, or her duly authorized agent, there is no privity of contract between her and plaintiff; and, even if plaintiff had been entitled to a lien upon the land, it was not entitled to a personal judgment against the wife, and the court committed prejudicial error in rendering a personal judgment against her. In *Alberti v. Moore et al.*, 20 Okla. 78, 93 Pac. 543, 14 L. R. A. (N. S.) 1036, this court held:

"A subcontractor, materialman, or workman, between whom and the owners there is no privity of contract, and in whose favor no direct liability has been imposed upon the owner, is not entitled to a personal judgment against the owner. The judgment rendered should be a personal one against the original contractor."

See, also, *Union Bond & Inv. Co. et al. v. Bernstein et al.,* 40 Okla. 527, 139 Pac. 974.

The husband pleaded his discharge in bankruptcy as his defense, and there was evidence that he had been adjudged a bankrupt, and that the claim here sued on had been scheduled by him as a liability, and official notice thereof given to plaintiff, and that plaintiff did not make proof of said claim. The reply to the answer filed denied that the husband had been discharged in bankruptcy, and no proof was offered that said husband had been discharged, nor was the court asked to stay the case until said bankruptcy proceedings were disposed of.

It follows that the court did not err in rendering a personal judgment against the husband for the amount of the note and interest; but in the absence of proof of the value of the attorney's fee, the judgment was excessive as to the amount of said fee included in the judgment rendered, in the sum of $25.

In addition to the errors heretofore pointed out, the court has also committed reversible error in overruling the motion for a new trial.

This case should be reversed and remanded.

By the Court: It is so ordered.