## JEFFERSON TRUST CO. et al. v. J. S. MAYFIELD LUMBER CO. et al.

No. 8063—Opinion Filed Nov. 28, 1916.

(161 Pac. 786.)

**Mortgages — Liens — Priority — Mechanics' Liens.**

A materialman sold lumber to a contractor to be used in erecting certain structures upon the land of M. After the material so sold was furnished and used, M. assumed the debt of the contractor and gave his note therefor. Held, that the materialman was not thereby converted from a subcontractor into a principal contractor, and that a lien filed after 60 but within 120 days after the last material was furnished was inferior to the lien of a mortgage executed and recorded prior to the filing of the materialman's lien.

(Syllabus by Burford, C.)

Error from District Court, Oklahoma County; J. W. Hayson, Judge.

Action by the J. S. Mayfield Lumber Company and others against the Jefferson Trust Company and another. From a judgment for plaintiffs, defendants appeal. Reversed, with directions.

Wilson & Tomerlin and Asp, Snyder, Owen & Lybrand, for plaintiffs in error.

Burwell, Crockett & Johnson, for defendants in error.

Opinion by BURFORD, C. The Mayfield Lumber Company sued to foreclose a materialman's lien filed within 120 days but more than 60 days after the last material was furnished. The Jefferson Trust Company and Geo. A. Jones, defendants, filed cross-petitions to foreclose certain mortgages recorded after the commencement of the building for which the lumber company furnished mate-

rial, but prior to the filing of the lumber company's lien. Interveners and plaintiffs each claimed priority of lien. The cause was tried to the court without a jury. He made findings of fact and conclusions of law and rendered judgment against the respective defendants below, bound therefor in favor of the plaintiff and interveners for the various amounts found to be due them, and foreclosing their respective liens. Priority of lien was given the lumber company over the trust company and Jones,. and from this judgment they appeal.

The validity of the various liens or the correctness of the amount found due upon them from J. W. Mann or the Mann Development. Company, defendants below, is not questioned here, and that part of the judgment is not before us for review.

Upon the question of priority of lien between the lumber company and the trust company and Jones, the material facts found by the court, to which no objection is made here by either party, and by which we are therefore bound, are that the lumber company sold to a contractor certain material to be used in a building upon the land here involved, the property of the Mann Development Company. After the material had been furnished, J. W. Mann, for and on behalf of the corporation, executed a note to the lumber company for the amount of the contractor's bill under an arrangement with the contractor, whereby the development company was to complete the building. The court's finding is that the sale of lumber was made by the lumber company to "a subcontractor by the name of E. B. Gordon or Gordon & Ogle." This is evidently a clerical error, as Gordon is referred to and treated throughout as a contractor and not a subcontractor. However, we attach little importance to this, for, as above stated, the validity of the lien itself is not before us, and treating Gordon as a contractor—the more favorable view for the lumber company—we are of opinion that the priority of their lien cannot be sustained. Clearly, in the first instance, the lumber company, having sold and furnished the material to Gordon, was a subcontractor. The giving of a note by Mann for the development company could not convert them into an original contractor. The present case is not distinguishable in principle from Bryan v. Orient Lumber & Coal Company, 55 Okla. 370, 156 Pac. 897, rendered since the trial below. There, although other questions were involved, it was held that, where lumber was furnished to a contractor, the giving of a note by the husband of the owner to the materialman could not operate

to convert him into an original contractor so that his lien could be filed after 60 days had elapsed since the last material was furnished. The proof in this case showed that the mortgages of the trust company and Jones were recorded after the building was started, but before the lumber company furnished its last material and, of course, before it filed its lien. The trial court was, under the holding of Bryan v. Orient Lumber Company, supra, in error in holding that the lien of the lumber company had priority.

The cause should therefore be reversed, with directions to the trial court to set aside that portion of the judgment giving priority of lien to the lumber company, and, without disturbing the remaining portions of that judgment, to modify the whole so as to give priority of lien to the Jefferson Trust Company and Geo. A. Jones over the J. S. Mayfield Lumber Company, and for such further proceedings as may be proper to enforce the rights so adjudicated.

By the Court: It is so ordered.