**HOLLAND v. ROBBINS, Sheriff, et al.**

No. 11640—Opinion Filed Sept. 25, 1923.

1. **Homestead—Liability for cost of Improvements — Mechanics' Lien—Procedure.**

Under section 2, article 12, of the state Constitution the homestead of the family is protected from forced sale for the payment of debts, except for the purchase money therefor or a part of such money, for taxes due thereon or for work and material used in constructing improvements thereon, but this provision does not thereby fix a 'lien' upon the homestead for debts contracted under the exceptions for work and material used in constructing improvements thereon, but a party desiring to assert such lien claim must first comply with requirements of the statutes by filing his claim as provided by law.

2. **Same.**

It is not necessary to first establish a statutory lien upon the homestead under the provisions of section 2, art. 12, of the Constitution, before a debt can be collected for material furnished and labor performed in the improvement thereof by judgment and levy of execution and forced sale of the homestead, but said homestead stands subject to levy and forced sale the same as any other property of the judgment debtor for such debts only as are specially excepted from the homestead exemption by the Constitutional provisions.

3. **Mechanics' Liens—Case Overruled.**

The case of South Texas Lumber Co. v. Epps, 48 Okla. 322, 150 Pac. 164, in so far as it conflicts with this opinion is hereby expressly overruled.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by M. M. Holland against J. D. Robbins, Sheriff, et al. Judgment for defendants. Plaintiff brings error. Affirmed.

Bruce & Brewer, for plaintiff in error.

Brook & Brook, for defendants in error.

Opinion by THOMPSON, C. This action was commenced in the superior court of Muskogee county by plaintiff in error filing her petition against the defendants in error, on the 16th day of March, 1920.

The parties will be referred to in this opinion as plaintiff and defendants, just as they appeared in the lower court.

The petition alleged that the plaintiff was a resident of Muskogee county and that the westerly 90 feet of lots 14, 15, and 16, of block 8, in the Garrett Height's addition to the city of Muskogee, Okla., was owned and occupied by her and her family as a homestead, and that Mr. and Mrs. Joe Scheruble secured a judgment against plaintiff for $120.15, and that a general execution was issued by the court clerk of Muskogee county upon said judgment and placed in the hands of the sheriff of Muskogee county for service, and that J. D. Robbins, sheriff of Muskogee county, Okla., or W. R. Kirk, his deputy, levied upon the above described homestead and advertised the same for sale; that Mr. and Mrs. Joe Scheruble had brought action in the same proceeding to foreclose a mechanic's lien against said property and that in said judgment said lien was denied, and that said judgment was not a lien upon the property, and alleged that unless the defendants were restrained from selling said property, it would work an irreparable damage and injury to plaintiff and that she had no adequate remedy at law, and that the defendants were not financially able to respond in damages, and prayed that they be permanently enjoined from selling said property and for all other and further equitable relief and for costs. The execution in general form and a copy of the judgment was attached to the petition. The defendants Robbins and W. R. Kirk, as sheriff and deputy sheriff, filed a separate answer, denying the allegations in plaintiff's petition and set up section 2, art.

12, of the Constitution, which will hereafter be referred to in this opinion, and claimed that this provision of the Constitution and the homestead law of the state do not preclude an enforcement of the judgment such as had been rendered in this cause, and that the issuance of an execution is authorized where it is shown that work and material, which is used in constructing improvements on the property, against which and on which a levy was made, was authorized, and further alleged that the judgment in this case was rendered for work and material furnished by the defendant Scheruble Heating, Plumbing & Repair Shop, for improvements on the homestead, and prayed that the injunction be dissolved; that the execution heretofore issued be continued and property sold under a new and proper order of this court. The defendants Mr. and Mrs. Scheruble, composing the company of Scheruble Heating, Plumbing & Repair Shop, filed their separate answer, in which they allege that they recovered judgment against the plaintiff in case No. 8457 for $120.15, and that the same was for labor and material furnished by them to the plaintiff, which was used in the improvement on the property described and claimed as a homestead by plaintiff, and prayed that the injunction be dissolved and for an order directing the sheriff and his deputy to proceed to sell said property, and for such other and further proceedings necessary to collect said judgment plus the accrued costs.

On the 21st day of April, 1920, the cause came on for hearing in its regular course. A stipulation was filed, signed by the parties, agreeing that the property heretofore described was the homestead of plaintiff and occupied as such by her at the time of the issuance of the execution complained of in this action, and is now occupied by her as a homestead. After hearing the testimony, the court pronounced judgment dissolving the temporary restraining order and dismissed the petition of plaintiff, and found that the property was the homestead of plaintiff; that a personal judgment was obtained by Mr. and Mrs. Scheruble, as the Scheruble Heating, Plumbing & Repair Shop, against the plaintiff for the sum of $120.15, and that a general execution was issued upon said judgment and placed in the hands of J. D. Robbins, sheriff, for service; that the defendant sheriff seized upon the property heretofore described, and the court further found that the said execution and judgment were for work performed and material furnished in constructing said improvements on said homestead, and ordered the temporary restraining order heretofore

issued in this cause dissolved, and denied the prayer of plaintiff for a permanent injunction, to which judgment of the court plaintiff excepted, filed her motion for new trial, which was by the court overruled, and the cause comes to this court regularly upon plaintiff's appeal.

The attorneys for plaintiff set up five assignments of error, but in their argument group them all together under one head and present but one question for this court to determine, and that is whether it is necessary for a judgment creditor to establish his statutory lien under the Constitution and laws of this state for material furnished and labor performed upon a homestead of a family in constructing improvements thereon, before he can levy upon said homestead under an execution upon a judgment for the amount for said material and labor and collect the same at forced sale of said property.

The court denied the lien, for what reason does not clearly appear in this record, and the attorneys for both plaintiff and defendants cite the statutory lien laws of this state and the decision thereon, but it is our opinion that the construction of the provision of the Constitution and its application to the facts in this case is all that is necessary for the decision of this court upon this appeal.

Section 2, art. 12, of the Constitution provides:

"The homestead of the family shall be, and is hereby protected from forced sale for the payment of debts, except for the purchase money therefor, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon."

The above provision of our Constitution does not give a mechanic or materialman a lien upon the homestead, as is contended by attorneys for defendants, notwithstanding the decision cited by counsel of the South Texas Lumber Co. v. Epps et al., 48 Okla. 372, 150 Pac. 164, where it was held:

"A materialman does not lose his lien merely because he fails to file the same as the statute provides. The filing of the lien is only necessary to protect him against the interest of third parties."

This case is in direct conflict with the later case of Bryan et al. v. Orient Lumber & Coal Co., 55 Okla. 371, 156 Pac. 897, in which this court said:

"While the law providing for a materialman's lien should be liberally construed to effectuate the object of the law, it is a condition precedent to the establishment of

such lien that the proper lien statement be filed with the clerk of the proper district court, within the time provided by section 3863, Rev. Laws 1910, if the party seeking the lien be an original contractor, and within the time provided by section 3864, Rev. Laws 1910, if the party seeking the lien be a subcontractor; and such subcontractor must also give notice of the filing of such lien statement to the owner."

And in the body of the opinion it is held:

"We are not unmindful of the holding of this court in the case of South Texas Lmbr. Co. v. Epps, 48 Okla. 372, 156 Pac. 164, and that the views herein expressed are not in accord with the holdings in said case * * * 'that the filing of a lien statement within the time fixed by the statute is not necessary to effect a lien as between the original parties to the contract.' Such holding in said case is unsupported by any authority, and, in our opinion, is unsound."

The fixing of a lien of this character upon property is a statutory right, unknown to the common law, that a party may take advantage of by following, at least substantially, the provisions of the statute regulating the fixing of such lien. It is not a matter of voluntary contract between the parties, and the plain provisions of the statute point out the manner that this right may be obtained by the party desiring to assert it, and there is no provision of the statute that gives a party the right to the lien without he first comply with the requirements of the statute, and there is no provision of the statute that says that the establishment of the lien is only for the purpose of protecting the lienholder against third parties. This being true, and this court having held in Bryan et al. v. Orient Lumber & Coal Co., a later case, exactly contrary to the decision in the South Texas Lumber Co. v. Epps et al. case, we think that the case of the South Texas Lumber Company on this proposition should be, and it is hereby expressly overruled.

We do not agree with counsel for plaintiff that it is necessary to establish a lien upon the homestead under the Constitution and requirements of the lien statutes of this state before a debt can be collected for material furnished and labor performed in the improvement of the homestead by judgment and by levy of an execution and forced sale of the homestead. It is further our opinion that the proper construction of section 2, art. 12, is that it is not necessary to establish a lien before the homestead is subject to the payment of a debt for purchase money, taxes, or for work and material used in constructing the improvements thereon, but that said homestead stands subject to the levy of an execution and forced sale for

the above mentioned debts only the same as any other property owned by the judgment debtor, upon which the homestead exemption does not attach, and as this is one of the debts that is specially excepted from the homestead exemption under the constitutional provision, the judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.