## KLEINDORFER v. DASCOMB-DANIELS LBR. CO.

No. 14213—Opinion Filed April 15, 1924.

Rehearing Denied May 20, 1924.

(Syllabus.)

1. **Homestead—Liability for Price of Material Used in Improvements Regardless of Lien.**

The homestead of the head of a family is subject to sale for the satisfaction of a personal judgment representing the purchase price of material used in constructing improvements thereon and without regard to the creation or existence of a materialman's lien.

2. **Same—When Materialman's Lien or Judgment Lien Attaches.**

When the provisions of the materialman's lien statute are complied with, the lien attaches to the homestead, on which the material was used, from the time the material was furnished, but when no materialman's lien was created because of the failure to comply with the provisions of the statute, but a personal judgment for the amount due for the material used in constructing improvements on the homestead is obtained against the owner of the homestead, the lien attaches from the date of the judgment in the district court, subject to the superior intervening rights of third persons.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by the Dascomb-Daniels Lumber Company against Raymond Kleindorfer. Judgment for plaintiff, and defendant brings error. Affirmed.

P. Mounts, W. H. Hussey, and Herman S. Davis, for plaintiff in error.

Wilson & Roe, for defendant in error.

COCHRAN, J. This is an appeal from an order confirming a sale of real estate upon execution. The plaintiff in error contends that the property sold under execution was his homestead, and therefore not subject to forced sale. Raymond Kleindorfer and Belle Yoder executed a note to the defendant in error on August 16, 1920, which note represented the purchase price of certain building material purchased by the plaintiff in error and his mother, Belle Yoder, from the defendant in error, and used in constructing improvements on the land belonging to Belle Yoder. Suit was filed to recover on the note and prior to judgment Belle Yoder died. Thereafter the case was revived in the name of Ray-

mond Kleindorfer, as the sole heir of Belle Yoder, and the case proceeded to judgment against the said Raymond Kleindorfer. Execution was issued and levied on 80 acres of land, which had belonged to Belle Yoder, and which was inherited by the plaintiff in error as her sole heir. Objection was made to the confirmation of the sale on the ground that the plaintiff in error was using and occupying the same as his homestead, and that the property was not subject to levy and sale upon execution. It was admitted that Raymond Kleindorfer was a married man, and that he and his family were using and occupying the property in controversy as a homestead at the time the execution was levied thereon and prior to the time judgment was taken in the suit. It was also admitted that the material purchased from the defendant in error, and for which the plaintiff in error was indebted to the defendant in error, was used in constructing improvements on the land in controversy. Section 2, art. 12, of the Constitution provides:

"The homestead of the family shall be, and is hereby protected from forced sale for the payment of debts, except for the purchase money therefor, * * * the taxes due thereon, or for work and material used in constructing improvements thereon. * * *"

Section 6600, Comp. Stat. 1921, provides:

"The exemption of the homestead provided for in this chapter shall not apply where the debt is due:

"First. For the purchase money of such homestead or a part of such purchase money.

"Second. For taxes or other legal assessments due thereon.

"Third. For work and material used in constructing improvements thereon."

The plaintiff in error contends that the defendant in error waived any lien to which it was entitled for the purchase price of the material because it accepted a chattel mortgage as security for the payment of the note representing the purchase price of the material. The existence of a lien and the right of the defendant in error to enforce the same are not involved in this appeal, as it is admitted that the statutory proceedings necessary to establish a materialman's lien were not complied with and no lien was ever created. Bryan et al. v. Orient Lbr. & Coal Co., 55 Okla. 370, 156 Pac. 897.

Since the lien was never created, it is unnecessary to discuss the contention of the plaintiff in error that there was a waiver thereof by the taking of security for the payment of the debt. The rights which the defendant in error sought to enforce

were entirely independent of the materialman's lien provision of the statute. In the instant case a personal judgment was obtained against the plaintiff in error for a debt representing the purchase price of material used in constructing improvements on the homestead of the plaintiff in error. No materialman's lien was filed and no right to sell the property by reason of any provisions of the materialman's lien statute is asserted, but the sale was made under an execution issued on this personal judgment which was rendered against the plaintiff in error, and levied on property belonging to him. This property was subject to sale on execution unless exempted by the statute, or the Constitution. Unless it falls within some of the constitutional or statutory exemptions, it is subject to sale under execution just like any other property of the party. The statutory and constitutional provisions which the plaintiff in error contends are applicable here are those exempting the homestead of the head of a family, but the Constitution and the statutes specifically except from the homestead exemptions debts for material used in constructing improvements on such homestead. The homestead, therefore, is subject to sale for the satisfaction of a debt representing the purchase price of material used in constructing improvements thereon just as any other property of the judgment debtor, and this without regard to the creation or existence of a lien therefor. Had the provisions of the materialman's lien statute been complied with the lien would have operated and been effective from the time the material was furnished, but the materialman's lien not having been perfected, the lien on the land in controversy did not attach until judgment was procured against the plaintiff in error. When the judgment was obtained, the lien attached to all real estate of the plaintiff in error except his homestead and to that portion of the homestead in controversy, because the material furnished by the defendant in error was used in constructing improvements thereon. It is conceded by the plaintiff in error that the constitutional and statutory provisions above referred to place the homestead on an equality with other property as to a forced sale for the satisfaction of a debt for purchase price of material used in improving the same, but he contends that that does not mean that the statutory steps for creating a materialman's lien can be ignored. If this contention were well taken an execution could not be enforced against real estate other than the homestead of the judgment debtor, where the debt sought to be enforced represented the purchase price of material used in constructing improve-

ments thereon, unless the materialman's lien statute had been complied with. This for the reason that the plaintiff in error contends that the Constitution and statutes place all of the property of the judgment debtor on an equality as to forced sale for debts of this character. The fallacy of this contention is that the materialman's lien provided by the statute for the purpose of protecting a materialman against intervening rights of third persons is confused with a judgment lien, which is obtained by procuring judgment in the district court. The two liens are entirely separate and independent, and the right to enforce a judgment lien may exist although a materialman's lien was never created, or foreclosed. In South Texas Lbr. Co. v. Epps et al., 48 Okla. 373, 150 Pac. 164, it was said:

"In order to reach the property on which the material purchased was used to improve, and in order to subject the same to the payment of the debt so incurred, it is not necessary to have first obtained a judgment fixing a lien thereon in favor of the seller of the material, but it can be reached in such cases by first reducing the account to a personal judgment, and then levying on said real property by an execution issued on said judgment. provided no superior interest of a third party has intervened."

Bryan et al. v. Oriel Lbr. Co., 55 Okla. 370, 156 Pac. 897, overruled that portion of the above case which held:

"That the filing of a lien statement within the time fixed by the statute is not necessary to effect a lien as between the original parties to the contract"

—but did not overrule the law announced in the first syllabus paragraph of the above opinion, and which we have above quoted. It is our opinion that the homestead of the plaintiff in error, on which the material was used, in constructing improvements, was subject to sale under execution for the collection of a personal judgment rendered against the plaintiff in error for the purchase price of such material.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, HARRISON, and WARREN, JJ., concur.