Earl PALMER, d/b/a Palmer Plumbing and
Heating Company, Plaintiff in Error,

v.

Vernon CROUCH, Defendant in Error.

No. 36974.

Supreme Court of Oklahoma.

June 19, 1956.

Hughey Baker, Robert N. Bachelder, Tulsa, for plaintiff in error.

Merrill S. Bernard, Tulsa, for defendant in error.

PER CURIAM.

The parties to this action occupy the same relative positions here as in the trial court, and will hereinafter be referred to by their trial court designation. The plaintiff brought suit to recover for material and labor furnished the defendant in constructing improvements on several different tracts of property owned by the defendant, including his homestead. After the original petition was filed, the defendant filed a petition in bankruptcy in the Federal Court. Thereafter, the plaintiff filed an amended petition,

stating a certain amount of the total alleged to be due had been furnished to the defendant on his homestead and that the homestead had been set aside as exempt property in the bankruptcy proceeding. The petition alleged that plaintiff was entitled to judgment for the value of the work done on the homestead even though the defendant be discharged in the bankruptcy action. It was stipulated that the plaintiff's action was not filed within four months of the date upon which material or labor had been last furnished on this property and that no lien statement had been filed. It was likewise admitted that the defendant had been discharged in the bankruptcy action and that this particular debt had been one of those scheduled in that proceeding. The trial court rendered a judgment for the defendant based upon the stipulated facts.

 It was determined in Bryan v. Orient Lumber & Coal Co., 55 Okl. 370, 156 P. 897, that it is a "condition precedent" to the establishment of a mechanic's and materialman's lien that the lien statement be filed in the office of the clerk of the district court of the proper county within the time prescribed by the lien statute, 42 O.S.1951, § 142. We have also held that bringing suit on the account within the prescribed time is a sufficient compliance with the statute. Key v. Hill, 93 Okl. 64, 219 P. 308. But one or the other of these alternatives must be followed to perfect the statutory lien; and, there is no lien under this factual situation except that provided by the statute. Holland v. Robbins, 92 Okl. 225, 219 P. 387; Kleindorfer v. Dascomb-Daniels Lbr. Co., 102 Okl. 60, 226 P. 354. The filing of this action eight months after the date upon which the last material was furnished was insufficient to create a lien upon the defendant's homestead that might be foreclosed without regard to the bankruptcy action.

 Since this debt was scheduled in the bankruptcy action and was provable therein, it being a dischargeable debt, the discharge in bankruptcy could be pleaded and proved in bar of the plaintiff's action. 11 U.S.C.A. §§ 35, 103. The discharge of the defendant was pleaded by him in his answer and was admitted by the plaintiff in the stipulation. This constituted a bar to a judgment on the debt. Peerson v. Mitchell, 205 Okl. 530, 239 P.2d 1028, 26 A.L.R.2d 1362. Remington on Bankruptcy, Sec. 3233. The plaintiff had no lien to foreclose and was barred by the discharge of the defendant in bankruptcy from a personal judgment.

The judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Nease and approved by Commissioners Crawford and Reed, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.