899 F.2d 337
 22 Collier Bankr.Cas.2d 1031, Bankr. L. Rep. P 73,589
In re Charles Richard SNOW and Janet Lee Snow, Debtors.
Charles Richard SNOW; Janet Lee Snow, Plaintiffs-Appellants,
v.
Richard GREEN, Defendant-Appellee.
 No. 88-1786.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 4, 1989.
Decided April 3, 1990.
 
 William Stephen Scott, Paxson, Smith, Gilliam & Scott, P.C. (Christine C. Chapman, on brief), Charlottesville, Va., for plaintiffs-appellants.
 Calvin Waverly Parker, Sr., Standardsville, Va., for defendant-appellee.
 Before RUSSELL, WIDENER and CHAPMAN, Circuit Judges.
 WIDENER, Circuit Judge:
 
 
 1
 On October 15, 1986, Richard Green obtained a Virginia state court judgment against Charles and Janet Snow for unpaid rent. On October 29, 1986, Green obtained a writ of fieri facias to execute to satisfy that judgment. On November 5, 1986, the sheriff levied on some of the Snows' personal property. Five days later, on November 10, 1986, the Snows filed a homestead deed in accordance with Va.Code Sec. 34-14 in order to exempt the property which had been levied upon. The Snows filed a voluntary Chapter 7 petition on November 12, 1986.
 
 
 2
 The Snows then filed a motion in the bankruptcy court to avoid the lien of the judgment pursuant to 11 U.S.C. Sec. 522(f) of the Bankruptcy Code, which motion was granted and the property was held to be exempt.[1] On appeal, the district court reversed and decided that the personal property of the Snows was not exempt from the judicial lien. 92 B.R. 154. The Snows appeal from that decision, and we reverse.
 
 
 3
 The only issue on appeal is whether 11 U.S.C. Sec. 522(f) allows the Snows to avoid the judicial lien on their personalty. In order to resolve this question, we must first examine 11 U.S.C. Sec. 522 and its relation to Va.Code Secs. 34-4 and 34-5 under the Bankruptcy Code.
 
 
 4
 The portion of the Bankruptcy Code which allows a debtor to avoid a judicial lien is 11 U.S.C. Sec. 522(f), which provides in pertinent part:
 
 
 5
 [T]he debtor may avoid the fixing of a lien on the interest of the debtor to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
 
 
 6
 (1) a judicial lien....
 
 
 7
 11 U.S.C. Sec. 522(f). In order to apply this section, however, we must first consider the provisions allowing a debtor to exempt property from the estate.
 
 
 8
 Exemptions from the bankrupt estate are treated in 11 U.S.C. Sec. 522(b). That section provides in part:
 
 
 9
 [A]n individual debtor may exempt from the property of the estate the property listed in either paragraph (1) or in the alternative, paragraph (2) of this subsection....
 
 
 10
 (1) the property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
 
 
 11
 (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition....
 
 
 12
 The Code thus allows the debtor to choose between federal exemptions or those allowed under state law unless the State restricts the debtor to state exemptions pursuant to Sec. 522(b). Virginia has so restricted debtors by enacting Va.Code Sec. 34-3.1 which precludes Virginia debtors from using the federal exemptions provided in Sec. 522.[2] Consequently, a debtor is limited to the exemptions provided by the Virginia statute.
 
 
 13
 With the creation of exemptions, however, Virginia also created exceptions to the exemptions. Section 34-5 of the Virginia Code lists these exceptions and provides in pertinent part:
 
 
 14
 Such exemption shall not extend to any execution order or other process issued on any demand in the following cases: ....
 
 
 15
 (5) For rent.
 
 
 16
 Va.Code Sec. 34-5(5).
 
 
 17
 Green argues that Va.Code Sec. 34-5(5) precludes the debtors' use of the lien avoidance mechanism in 11 U.S.C. Sec. 522(f)(1).
 
 
 18
 Both the House and Senate versions of the bill that became the lien-avoidance section, Sec. 522(f), allow liens to be avoided, "to the extent the property could have been exempted in the absence of the lien...." H.R.Rep. No. 595, 95th Cong., 1st Sess. 362 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6318; S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978), reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5862. The legislative history illustrates the concern which the law was designed to address by stating:
 
 
 19
 [T]he bill gives the debtor certain rights not available under current law with respect to exempt property. The debtor may void any judicial lien on exempt property, and any nonpurchase money security interest in certain exempt property such as household goods. The first right allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for the overburdened debtor. If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions.
 
 
 20
 H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 127 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 6087-88. (Footnote omitted.) This persuasive language certainly indicates the intent of Congress as to the effect of Sec. 522(f). Case law supports this conclusion as well.
 
 
 21
 In Hall v. Finance One of Georgia Inc., 752 F.2d 582 (11th Cir.1985), the Eleventh Circuit decided the same issue presented here. Georgia, as has Virginia, had exercised its option to require exemptions to be claimed under state law rather than federal, and had provided that certain property could not be claimed as exempt to the extent it was encumbered by a lien. See Ga.Code Ann. Sec. 44-13-100(a)(4).[3] The court permitted the lien on the exempt property to be avoided, however, and interpreted Sec. 522(f) to mean that the "section operates to permit a debtor to avoid the fixing of a lien on property if that avoidance would allow the debtor to enjoy an exemption." Hall, 752 F.2d at 586. The court further noted that it did not "suggest that states are prohibited from defining lien-encumbered property as not exempt. Any such decision would, however, be subject to the provisions of section 522(f)." Hall, 752 F.2d at 586. Thus, Hall is a direct holding that Sec. 522(f) allows a debtor to avoid a lien if such avoidance will allow a debtor to exempt property that state law would treat as non-exempt because of a lien.
 
 
 22
 In In Re Leonard, 866 F.2d 335 (10th Cir.1989), the court was faced with essentially the same fact situation which was present in Hall. A Colorado statute had exempted household goods to the extent of $1,500 in value, but value was defined as the difference between fair market value and the amount of any lien, so that the result was the same as in Georgia, personal property subject to a lien was not exempted, although the same property would have been exempted if not subject to the lien. The court held that the debtor could avoid the lien under Sec. 522(f). It stated that the way to determine a debtor's right to lien avoidance is to consider whether the property, if unencumbered, is exempted under the state statutory exemptions. If unencumbered property may be exempted under the state exemptions, then any non-possessory non-purchase money lien on that property could be avoided under Sec. 522(f). 866 F.2d at 336-37. And just as importantly, the court reasoned:
 
 
 23
 Congress did not say a debtor is entitled to avoid a lien to the extent the debtor is entitled to an exemption, which is the construction Appellant is urging us to adopt.
 
 
 24
 866 F.2d at 337 (emphasis in original). The court continued:
 
 
 25
 Stated differently, since Colorado law allows the property to be exempted if no security interest exists, a security interest could be avoided under Sec. 522(f).
 
 
 26
 866 F.2d at 337.
 
 
 27
 Although decided in the context of a waiver, the case of In Re Thompson, 884 F.2d 1100 (8th Cir.1989), is in accord with Hall and Leonard, as is the reasoning in In Re Brown, 734 F.2d 119 (2d Cir.1984), although in Brown no state statute limited exempt property as did the statutes in Hall and Leonard.
 
 
 28
 Finally, our own case of Dominion Bank of Cumberlands, N.A. v. Nuckolls, 780 F.2d 408 (4th Cir.1985), has considered the reach of Sec. 522(f), but in the context of a waiver. That case held that the lien of a security agreement on personal property could be set aside under the literal terms of Sec. 522(f) because the property was subject to an exemption by way of homestead deed, which exemption, however, had been validly waived under state law. Beside demonstrating that we have given literal effect to the remedial provisions of Sec. 522(f), we note that Dominion Bank relied upon the Senate Report with respect to the Bankruptcy Code, which we quote and rely upon again:
 
 
 29
 [Section 522(f) ] protects the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property. The debtor may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of the lien, and may similarly avoid a nonpurchase-money security interest in certain household and personal goods. The avoiding power is independent of any waiver of exemptions.
 
 
 30
 S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978), reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5862.
 
 
 31
 It is noteworthy and we have demonstrated that that part of the Senate Report we relied upon in Dominion Bank and upon which we rely here was also relied upon by the court in Hall, 752 F.2d at 587, and Leonard, 866 F.2d at 337 n. 2. As we have previously noted, key parts in the House and Senate Reports coincide.[4]
 
 
 32
 The property exempted by homestead deed in this case which was levied on by the sheriff includes such items as: a 1981 Ford Fairmont automobile, of a value of $800; a 10-year old television; and a lamp. It is beyond argument that these items were subject to homestead exemption under Sec. 34-4 of the Virginia Code had they not been subject to the lien of Green's judgment for rent. In the words of the Leonard court, and changing only the word Colorado to Virginia, "since [Virginia] law allows the property to be exempted if no security interest exists, a security interest could be avoided under Sec. 522(f)." 866 F.2d at 337.
 
 
 33
 The judgment of the district court is accordingly
 
 
 34
 REVERSED.
 
 
 
 [1]
 In re Snow, 71 B.R. 186 (Bankr.W.D.Va.1987)
 
 
 [2]
 No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of Sec. 522 of the Bankruptcy Reform Act (Public Law 95-598), except as may otherwise be expressly permitted under this title. Va.Code Sec. 34-3.1
 
 
 [3]
 The statute referred to an exemption of "debtor's interest" and was construed to mean only the equity the debtor had in the property was exempt. Hall, 752 F.2d at 585
 
 
 [4]
 In Re McManus, 681 F.2d 353 (5th Cir.1982), and In Re Pine, 717 F.2d 281 (6th Cir.1983), are contrary to the decisions in Hall and Leonard. They rely on the reasoning that the avoidance power of Sec. 522(f) does not come into play unless it has been ascertained there is actually a right to an exemption under Sec. 522(b) under state law, not that there would be a right to an exemption under state law absent the lien to be set aside as we hold