In re Stephani Dawn STROTHER,
Debtor.

Don R. Willis, Appellant,

v.

Stephani Dawn Strother, Appellee.

BAP No. EO–05–010.
Bankruptcy No. 04–71826.

United States Bankruptcy Appellate Panel
of the Tenth Circuit.

Aug. 5, 2005.

Submitted on the briefs: *

Steven M. Harris and Douglas R. Haughey of Doyle Harris Davis & Haughey, Tulsa, Oklahoma, for Appellant.

Paul R. Tom, Tulsa, Oklahoma, for Appellee.

Before McFEELEY, Chief Judge, BROWN, and THURMAN, Bankruptcy Judges.

## OPINION

BROWN, Bankruptcy Judge.

Don R. Willis appeals an order of the United States Bankruptcy Court for the Eastern District of Oklahoma allowing avoidance of his judicial liens under 11 U.S.C. § 522(f)[1] and denying his objection to Debtor Stephani Dawn Strother's homestead exemption. We AFFIRM.

## I. Background

Strother built a home on a tract of land in Wagoner County, Oklahoma ("Property"). Willis performed construction work on her home. When Strother failed to pay him in full, Willis filed a lawsuit alleging breach of contract, and obtained a judgment in the amount of $5,000.00. He recorded the judgment in Wagoner County, thereby acquiring a judgment lien. Willis later obtained a separate judgment in the

---

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

1. Unless otherwise indicated, all future statutory references in text are to the Bankruptcy Code, Title 11 of the United States Code.

amount of $12,820.00, plus costs of $236.00 for his attorney's fees and costs. Once again he recorded the judgment and acquired a judgment lien on the Property.

On May 13, 2004, Strother filed her voluntary Chapter 7 petition. On her Schedule C, she claimed the Property as exempt under Oklahoma Statute title 31, section 1. Willis filed an objection to the exemption.[2] Strother filed a motion to avoid Willis's liens under § 522(f)(1)(A).[3] Following an evidentiary hearing, the bankruptcy court entered its order granting Strother's motion to avoid Willis's liens and denying Willis's objection to Strother's homestead exemption. Willis filed a timely notice of appeal.

## II. Jurisdiction and Standard of Review

The Court has jurisdiction over this appeal. Willis timely filed a Notice of Appeal from the bankruptcy court's order, which is a final order under 28 U.S.C. § 158(a).[4] The parties have consented to this Court's jurisdiction because they have not elected to have the appeal heard by the United States District Court for the Eastern District of Oklahoma.[5]

 Where, as here, the salient facts are undisputed, we conduct a *de novo* review of the bankruptcy court's conclusions of law.[6] When conducting a *de novo* review, we are not constrained by the bankruptcy court's conclusions, and may affirm the bankruptcy court on any legal ground supported by the record.[7]

## III. Discussion

 This appeal requires us to consider two types of liens, which are mutually exclusive: statutory liens and judicial liens.[8] Only judicial liens are subject to avoidance under § 522(f)(1)(A). For the reasons discussed below, the bankruptcy court did not err when it concluded that Willis did not demonstrate a valid statutory lien. Willis's liens were judicial liens that were properly subject to avoidance under § 522(f), and Willis's objection to Strother's homestead exemption was properly denied. Each issue will be discussed in turn.

### A. Willis Did Not Demonstrate a Valid Statutory Lien

 Oklahoma law recognizes a statutory lien for mechanics and materialmen when one, under contract with a property owner, performs labor or furnishes material to build, alter, or repair a building on the property.[9] However, the lien must be perfected in order to be enforceable.[10] A materialman's lien may be perfected by filing either a lien statement or a lawsuit within four months of the date that work is last performed on the property.[11]

---

**2.** *See* Objection to Debtor's List of Exempt Property, *in* Appellant's Appendix at 50–100.

**3.** *See* Debtor's Motion to Avoid Creditor's Lien Under 11 U.S.C. § 522(f) and Brief in Support Thereof, *in* Appellant's Appendix at 122–29.

**4.** *In re Vaughan*, 311 B.R. 573, 577 (10th Cir. BAP 2004); 1 *Collier on Bankruptcy* ¶ 5.07[2] (Lawrence P. King ed., 15th ed. rev.2004).

**5.** 28 U.S.C. § 158(b)-(c); Fed. R. Bankr.P. 8001(e).

**6.** *Andersen v. UNIPAC–NEBHELP (In re Andersen)*, 179 F.3d 1253, 1255 (10th Cir.1999).

**7.** *See Wolfgang v. Mid–America Motorsports, Inc.*, 111 F.3d 1515, 1524 (10th Cir.1997).

**8.** *In re Thompson*, 240 B.R. 776, 781 (10th Cir. BAP 1999).

**9.** Okla. Stat. tit. 42, § 141 (2004).

**10.** *Bovasso v. Sample*, 649 P.2d 521, 523 (Okla.1982).

**11.** Okla. Stat. tit. 42, § 142 (2004) (lien statement); *Palmer v. Crouch*, 298 P.2d 1041, 1042 (Okla.1956) (per curiam) (lien may be perfected by filing suit within period specified for filing lien statement).

■ Assuming that Willis's work on the Property falls within the scope of the materialman's lien, Willis did not demonstrate that he properly perfected a statutory lien. There was no evidence of the date that he last performed work on the Property. Willis testified that shortly after he completed his work on the Property, Strother paid him $8,000.[12] The $8,000 check was dated May 15, 2001. The bankruptcy court held that the evidence was insufficient to show that Willis's lawsuit, filed September 13, 2001, was filed within four months of the date that·Willis last performed work on the Property. We find no error with the bankruptcy court's conclusion.[13]

### B. Willis's Judicial Liens Were Properly Avoided

Section 522(f)(1) provides in pertinent part that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is(A) a judicial lien ...."[14] Subsection (b) of § 522 sets forth certain federal exemptions, but allows states to opt out of the federal exemptions, which Oklahoma has done.[15]

■ Oklahoma provides a homestead exemption for "[t]he home of [a debtor], provided that such home is the principal residence of such person."[16] There is no dispute that the Property is Strother's principal residence. The Property would be exempt as a homestead but for Willis's judicial liens. Willis's judicial liens impair Strother's homestead and Strother is therefore entitled to avoid them.[17]

■ Willis argues that Strother is not entitled to an exemption, because the Oklahoma Statutes provide an exception to the exemption for work performed to construct a home:

The exemption of the homestead provided for in this chapter shall not apply where the debt is due:

. . .

3. For work and material used in constructing improvements thereon.[18]

Clearly, under this Oklahoma statute, Strother cannot claim her exemption at Willis's expense. Bankruptcy law, however, preempts state law in determining what liens may be avoided in bankruptcy.

In *In re Leonard*,[19] the debtors sought to avoid a nonpossessory, nonpurchase-money security interest in household goods under § 522(f)(1)(B). Applicable state law limited debtors' exemption for household goods to their equity in the goods, and the debtors had no equity in the goods at issue. The creditor argued that because the debtors were not entitled to an exemption under state law, its lien could not be avoided. The *Leonard* court rejected that argument, holding that "a state may elect

---

12. Transcript at 10–11, 17, *in* Appellant's Appendix at 31–32, 38.

13. Additionally, Willis appears to concede in his reply brief that he did not have a valid materialman's lien. *See* Appellant's Reply Brief at 3 ("Pursuant to the decision rendered in *Kleindorfer*, the Appellant had the right to enforce its judgment liens against the Debtor's homestead even though a materialman's lien was never created.").

14. 11 U.S.C. § 522(f)(1).

15. Okla. Stat. tit. 31, § 1(B) (2004).

16. Okla. Stat. tit. 31, § 1(A)(1) (2004).

17. *In re Coats*, 232 B.R. 209, 212 (10th Cir. BAP 1999) (judgment lien that impairs debtor's homestead can be avoided).

18. Okla. Stat. tit. 31, § 5 (2004).

19. 866 F.2d 335 (10th Cir.1989).

to control what property is exempt under state law but federal law determines the availability of the lien avoidance provision." [20] The court stated:

The language [of § 522(f)(1) ] is not ambiguous, and no rules of construction need be applied. All the subsections must be given meaning and they must coexist. A debtor is entitled to avoid a lien to the extent the debtor *would* have been entitled to an exemption under either the federal or the state exemptions statutes. The debtor's right to claim avoidance of a lien on property under § 522(f) is determined by considering whether the property, if unencumbered, is exempted under the state statutory exemptions. If unencumbered property may be exempted under the state exemptions, then any nonpossessory, non-purchase-money lien on that property could be avoided under § 522(f). Congress did not say a debtor is entitled to avoid a lien to the extent the debtor *is* entitled to an exemption, which is the construction Appellant is urging us to adopt. The word "would" obviously has been used by Congress in an auxiliary function to express a possibility, i.e. if the debtor would have been entitled to an exemption, he is entitled to avoid the lien.[21]

Although *Leonard* dealt with avoidance of a nonpossessory, non-purchase money lien, its rationale is equally applicable to judgment liens. Here, Willis urges this Court to adopt a construction that if Strother is not entitled to an exemption because of an exception to the exemption under state law, then his liens cannot be avoided. But, using the Tenth Circuit's construction, Strother would have been entitled to a homestead exemption if the Property were not encumbered by Willis's judicial liens. The liens may therefore be avoided.

Similarly, in *In re Snow*,[22] the creditors obtained a judgment against the debtors for rent. The applicable state homestead exemption included an exception for a claim for rent. The debtors sought to avoid the judgment lien as impairing their homestead exemption, while the creditors argued that because the debtors were not entitled to a homestead exemption against a claim for rent, their lien could not be avoided. The *Snow* court followed *Leonard*, finding that the debtors would have been entitled to a homestead exemption if the property were not encumbered by the creditors' lien, and it avoided the lien.[23]

After *Leonard* and *Snow* were decided, the Supreme Court decided *Owen v. Owen*.[24] In *Owen*, applicable state law prohibited a debtor from asserting a homestead exemption against liens that attached to property before the property acquired homestead status. The debtor attempted to avoid a lien that attached to his property before the property acquired homestead status. The Supreme Court applied the same interpretation of § 522(f)(1): "ask first whether avoiding the lien would entitle the debtor to an exemption, and if it would, then avoid and recover the lien ...."[25]

In *Owen*, the creditor argued that the Court should defer to the state's ability to define its own exemptions. The Court rejected that argument, stating:

Respondent asserts that it is inconsistent with the Bankruptcy Code's "opt-out" policy, whereby the States may de-

20. *Id.* at 336.

21. *Id.* at 336–37.

22. *Snow v. Green (In re Snow)*, 899 F.2d 337 (4th Cir.1990).

23. *Id.* at 340.

24. 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991).

25. *Id.* at 312, 111 S.Ct. 1833.

fine their own exemptions, to refuse to take those exemptions with all their built-in limitations. That is plainly not true, however, since there is no doubt that a state exemption which purports to be available "unless waived" will be given full effect, *even if it has been waived,* for purposes of § 522(f)—the first phrase of which, as we have noted, recites that it applies "[n]otwithstanding any waiver of exemptions." Just as it is not inconsistent with the policy of permitting state-defined exemptions to have another policy disfavoring waiver of exemptions, whether federal- or state-created; so also it is not inconsistent to have a policy disfavoring the impingement of certain types of liens upon exemptions, whether federal- or state-created. We have no basis for pronouncing the opt-out policy absolute, but must apply it along with whatever other competing or limiting policies the statute contains.[26]

The Oklahoma exemption exception is the type of "built-in limitation" that is preempted by § 522(f). The Supreme Court acknowledged that this result may serve not only to preserve an exemption, but its application may actually function in such a way that expands it.[27]

█ Finally, in *In re Maddox,*[28] the Fifth Circuit Court of Appeals determined that *Owen* overruled[29] its prior line of cases, which had held that a debtor could not use § 522(f) to avoid a lien on exempt property when that lien fell within an exception to that exemption under state law.[30] As all the Circuits now hold, a

creditor cannot use a state exemption exception to prevent lien avoidance.

Willis's reliance on *In re Richardson*[31] is misplaced. *Richardson* acknowledged that federal law preempts any state law that would limit the scope of its exemptions in a way that would interfere with the avoidance of "certain types of liens—liens which Congress has determined should not appropriately survive bankruptcy."[32] *Richardson* therefore supports the conclusion that § 522(f) preempts Oklahoma's exemption exception and allows Strother to avoid Willis's liens.

Willis quotes the following passage from *Richardson*:

Oklahoma law provides that the homestead exemption "shall not apply where the debt is due [f]or purchase money of such homestead or a part of such purchase money[;][f]or taxes or other legal assessments due thereon[; or for] work and material used in constructing improvements thereon." 31 O.S.1991, § 5 (hereinafter "Section 5 Liens"). If "built-in limitations" on state exemptions are inapplicable in a bankruptcy context, why are mortgages, tax liens and materialmens' liens not avoidable? Section 5 Liens, like the judicial liens that attach to homestead under Section 706, are exceptions to, or limitations on the protection of the homestead exemption. Section 5 Liens clearly impair the exemption-they can be foreclosed and the debtor can be dispossessed of his or her homestead. The effectiveness of Section 5 Liens is not pre-empted by the

26. *Id.* at 313, 111 S.Ct. 1833 (citation and footnote omitted).

27. *Id.* at 309–10, 111 S.Ct. 1833.

28. 15 F.3d 1347 (5th Cir.1994).

29. *Id.* at 1351.

30. *See e.g. In re McManus,* 681 F.2d 353 (5th Cir.1982) (holding that a debtor must take "the bitter with the sweet" when relying on a state exemption—the exemption must include all its exceptions).

31. 224 B.R. 804 (Bankr.N.D.Okla.1998).

32. *Id.* at 808.

**824**

Bankruptcy Code, however, because the liens do not fall within the categories of liens on exempt property that Congress has declared are not worthy of surviving the bankruptcy, that is, judicial liens and nonpossessory, nonpurchase-money security interests. Therefore, Section 5 Liens are not avoidable under Section 522(f). Again, although the type of property that may be claimed exempt in bankruptcy proceedings is defined by state law, the type of liens that are avoidable is strictly a matter of bankruptcy policy.[33]

In the quoted language, *Richardson* holds that a consensual (mortgage) or statutory lien cannot be avoided under § 522(f). In the present case, Willis did not establish that he had a consensual or statutory lien. Willis had judicial liens, which are the type of liens on exempt property that Congress has declared not worthy of surviving bankruptcy.[34] Accordingly, the bankruptcy court did not err in avoiding Willis's judicial liens.

### C. Strother Is Entitled to a Homestead Exemption

 As discussed above, Willis did not establish a statutory lien, and his judicial liens may be avoided under § 522(f). His only claim against Strother is an unsecured claim, which is dischargeable in Strother's bankruptcy case. Because Wil-

lis cannot attempt to collect a debt that has been discharged, he cannot assert any claim against Strother's homestead.[35] Strother is entitled to a homestead exemption, and Willis's objection to her homestead was properly denied.

*Kleindorfer v. Dascomb–Daniels Lumber Co.*,[36] on which Willis relies, does not require a different result. In *Kleindorfer*, the Oklahoma Supreme Court held that one who obtains a judgment lien for work and material used in constructing improvements to a homestead may enforce the judgment lien against the homestead, notwithstanding that the judgment lienholder did not comply with the provisions of the mechanics and materialman's lien statute. *Kleindorfer* does not address the ability of a bankruptcy court to avoid a judicial lien. Because Willis's liens were properly avoided, they cannot be asserted against the Property. Without an extant lien, Willis is not entitled to assert the exception to the homestead exemption.[37]

### IV. Conclusion

The bankruptcy court's order is AFFIRMED.

---

**33.** *Id.* at 809–10.

**34.** *Farrey v. Sanderfoot,* 500 U.S. 291, 297–98, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991) (" 'The first right [§ 522(f)(1)] allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor. If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions.' ") (quoting H.R.Rep. No. 95–595, at 126–27 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6087–6088).

**35.** 11 U.S.C. § 524; *Palmer v. Crouch,* 298 P.2d 1041 (Okla.1956) (per curiam) (a debt

for work and material used in constructing improvements to a homestead cannot be asserted against a homestead if no materialman's lien was obtained and the debt was discharged in bankruptcy).

**36.** 102 Okla. 60, 226 P. 354 (1924).

**37.** *Sutherland Lumber Co. v. Gale,* 136 Okla. 233, 277 P. 242, 244 (1929) (one who is not entitled to a judgment lien and did not establish a materialman's lien cannot enforce a debt for labor and materials against a homestead).